WALKER *v.* WAINWRIGHT, CORRECTIONS
DIRECTOR.

No. 786, Misc. Decided March 11, 1968.

PER CURIAM.

On September 30, 1960, the petitioner was convicted
of first degree murder and was sentenced to life imprison-
ment. On May 25, 1965, he was found guilty of aggra-
vated assault and was sentenced to five years in the
state penitentiary, to commence when he had completed
serving the sentence for murder.

Having attempted without success to challenge his
murder conviction on federal constitutional grounds in
the state courts, the petitioner sought a writ of habeas
corpus in the United States District Court for the South-
ern District of Florida. He contended that he had been
deprived of counsel at his preliminary hearing, that a
coerced confession had been used against him at trial,
and that he had been denied the right to an effective
appeal.

The District Court observed that, even if the petitioner's contentions were accepted and his murder conviction reversed, he would still face a five-year prison term for aggravated assault. Because a favorable decision on the murder conviction would not result in the petitioner's immediate release from prison, the District Court thought itself powerless to consider the merits of his claims and therefore denied his habeas corpus petition without further consideration. In short, the District Court held that the petitioner could not challenge his life sentence until after he had served it. The United States Court of Appeals for the Fifth Circuit summarily rejected the petitioner's application for a certificate of probable cause, and he then sought review in this Court.

In reaching its conclusion, the District Court relied upon *McNally* v. *Hill,* 293 U. S. 131, for the broad proposition that the "Writ of Habeas Corpus may not be used as a means of securing judicial decision of a question which, even if determined in the prisoner's favor, could not result in his immediate release." The *McNally* decision, however, held only that a prisoner cannot employ federal habeas corpus to attack a "sentence which [he] has not begun to serve." 293 U. S., at 138. Here the District Court has turned that doctrine inside out by telling the petitioner that he cannot attack the life sentence he *has* begun to serve—until after he has finished serving it. We need not consider the continued vitality of the *McNally* holding in this case, for neither *McNally* nor anything else in our jurisprudence can support the extraordinary predicament in which the District Court has placed this petitioner.

Whatever its other functions, the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention. The petitioner is now serving a life sentence imposed pursuant to a conviction for murder. If, as he contends, that conviction

was obtained in violation of the Constitution, then his confinement is unlawful. It is immaterial that *another* prison term might still await him even if he should successfully establish the unconstitutionality of his present imprisonment.

The motion for leave to proceed *in forma pauperis* and the petition for certiorari are granted, the judgment is reversed, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*It is so ordered.*