**Earl G. BOXLEY, Appellant,**

v.

**Charles M. RODGERS, Appellee.**

**No. 21347.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 13, 1968.

Decided April 22, 1968.

As Amended May 21, 1968.

Petition for Reconsideration Denied
July 11, 1968.

---

632

Mr. Peter D. Manahan, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Carl S. Rauh, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Miss Judith Ann Wilson, Asst. U. S. Attys., were on the brief, for appellee.

Mr. Howard Adler, Jr., Washington, D. C., filed a brief on behalf of National Capital Civil Liberties Defense and Education Fund as amicus curiae.

Before BAZELON, Chief Judge, and PRETTYMAN, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

PER CURIAM:

In June 1964 appellant was convicted of housebreaking and assault and was sentenced under the Federal Youth Corrections Act. In September 1966 he was released on parole. In August of 1967 his parole was revoked by the U. S. Board of Parole, Youth Correction Division, which indicated that he would be considered again for parole in 1968. On September 11, 1967, appellant's writ of habeas corpus challenging his parole revocation was dismissed. In this appeal from the dismissal of the writ appellant claims that since the parole violation consisted of activities which were the same as, or inter-related with, activities that were the basis of criminal indictments, it was unlawful for the parole board, an administrative agency, to proceed with the revocation proceeding, and to require him to establish his innocence in this administrative proceeding in advance of his day in court in the criminal trial. From this basic objection appellant spins off several detailed contentions of prejudice.

On January 4, 1968, while his appeal was pending, appellant pled guilty to charges of assault with a dangerous weapon, and carrying a pistol without a license, which were among the charges that formed the basis for the parole revocation proceedings. These convictions were followed by sentences of imprisonment of 18 months to 6 years and 1 year. These were explicitly designated by the sentencing judge to run concurrently both with each other and also with the remaining portion of the 1964 sentence. Appellant's 1964 sentence will expire in August 1970. He will be eligible in June 1969 for parole on the 1968 sentences.[1]

Accordingly, the Government has moved to dismiss the appeal for mootness.[2]

---

1. The Government will, of course, give appellant credit on his 1964 sentence for the time he has been incarcerated since the revocation of his parole.

2. See McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); compare Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (U.S. March 7, 1968).

Appellant resists dismissal. He speculates that his prospects of obtaining parole on the 1968 sentence when he becomes eligible therefor in 1969 are diminished by the reinstatement of the incarceration ordered in 1964, reinstated by virtue of the revocation proceeding here attacked. The Government answers this allegation of prejudice by arguing that the D. C. Parole Board has jurisdiction over both of appellant's sentences[3] and would inevitably and appropriately consider both convictions (and give whatever weight it felt appropriate to the fact that one crime occurred while appellant was on parole) when, in 1969, appellant becomes eligible for parole on his 1968 sentence. Moreover, there is a substantial question of whether habeas relief is appropriate at this juncture since it may be predicted with reasonable certainty that even if the August 1967 revocation were held defective, the 1964 sentence would be subject to revocation forthwith, this time on the basis of his plea of guilty and the January 1968 judgment thereon.

Appellant contends alternatively that even if the prejudice resulting from the revocation is minimal, the case presents recurring questions affecting important policies of great public interest.[4]

There is one question in this case that is of public interest. The board, in revoking parole relied, *inter alia*, on appellant's failure to explain the criminal charges against him. This course presents problems. *Compare* Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). At argument, however, we learned that the parole board inquired of the United States Attorney's Office about the advisability of basing revocations in part upon silence. The Assistant United States Attorney tells us that "[t]hey have been advised that it is not wise, and

we understand they will not continue to do so in the future." Accordingly we have no need to invoke the exception to the mootness doctrine available where recurring questions of public interest are involved. We think the proper course is to accept appellee's suggestion of mootness and to implement it by vacating the judgment of the District Court and remanding the case with instructions to dismiss the petition as moot.[5]

So ordered.

3. Recent legislation has transferred jurisdiction from the U.S. Board of Parole to the D.C. Parole Board for residents of the District of Columbia sentenced under the Federal Youth Corrections Act. See 18 U.S.C. § 5025 (December 27, 1967).

4. *Cf.* Friend v. United States, 128 U.S. App.D.C. 323, 388 F.2d 579 (1967).

5. *See* Wirtz v. Local Unions, 366 F.2d 438, 442 (2d Cir. 1966).