**Edward J. PARKER, Appellant,**

v.

**Howard M. COMSTOCK, Superintendent, Sierra Conservation Center, Appellee.**

**No. 22581.**

United States Court of Appeals
Ninth Circuit.

Dec. 18, 1968.

Edward J. Parker, Represa, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., Stephen Cooper and Nelson P. Kempsky, Sacramento, Cal., for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM:

Edward J. Parker, in California penal custody under a fourteen-year sentence resulting from his 1962 conviction on four counts of forgery, applied for a writ of habeas corpus to set aside that conviction. He sought such relief on three grounds: (1) he was denied the assistance of counsel at his jury trial; (2) the prosecutor improperly commented at the trial on Parker's failure to tes-

tify; and (3) the prosecutor promised his codefendant a lighter sentence if he would testify against Parker. The district court denied the application.

■ In its denial order the court pointed out that, in 1965, Parker was convicted of burglary by a California state court following a plea of guilty, and that he is not to commence service of the fifteen-year term imposed following that conviction until completion of the forgery sentence he is now serving. In holding that one who is challenging only the first of two consecutive sentences is not entitled to habeas relief regardless of the merits of his application, the district court relied on McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. Parker appeals.

McNally v. Hill involved an application for habeas relief directed only to the *second* of two consecutive sentences. While there is language in *McNally* which some courts construed as precluding a habeas corpus test of the *first* of two consecutive convictions, it is now established that habeas relief is not so limited. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215; Guerrero v. Fitzharris, 9 Cir., 394 F.2d 505. Moreover, McNally v. Hill was expressly overruled by Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426. All of these cases were decided after the appeal was taken in this case.

It follows that the denial of Parker's application cannot be sustained on the ground that there is outstanding against him a second state sentence which he has not yet begun to serve.

■ The state urges two other reasons why the order denying habeas relief should be affirmed, namely: (1) failure to exhaust state remedies, and (2) failure of the applicant to state a claim upon which federal habeas relief can be granted.

Neither of these arguments have been passed upon by the district court and we prefer to have the views of that court before considering them.

Reversed and remanded for further proceedings consistent with this opinion.