**Delbert Clay CURL, Petitioner,**

**v.**

**John C. BURKE, Warden, Wisconsin State Prison, Respondent.**

**No. 68–C–389.**

United States District Court

E. D. Wisconsin.

Jan. 16, 1969.

24

Delbert Clay Curl pro se.

Bronson C. La Follette, Atty. Gen., by William A. Platz, Asst. Atty. Gen., for respondent.

## OPINION AND ORDER

GRUBB, Senior District Judge.

On petition for issuance of the writ of habeas corpus challenging convictions and sentences imposed thereon on the grounds of the mental incompetency of petitioner to stand trial and to have committed the offenses.

It appears from the petition, respondent's return thereto, and petitioner's traverse that the challenged sentences were imposed on petitioner's pleas of guilty to charges of theft and burglary on November 11, 1960. He was thereafter incarcerated at the Wisconsin State Prison, Waupun, Wisconsin. From March 9, 1961 to July 22, 1963, he was confined in the Central State Hospital. After being paroled, he was again returned to the Wisconsin State Prison on September 22, 1965 because of a parole violation. The sentences on the 1960 conviction, which consisted of three six-year and one five-year concurrent terms, expired on December 5, 1968.

On November 13, 1967, petitioner was sentenced to ten years of imprisonment on conviction following trial by jury of the offense of armed burglary. This conviction was affirmed on writ of error, Curl v. State, 40 Wis.2d 474, 162 N.W.2d 77 (1968), rehearing denied January 7, 1969. Since December 5, 1968, petitioner is incarcerated under the sentence imposed on the 1967 conviction.

Petitioner sought review of his 1960 conviction by petition for writ of habeas corpus in the Wisconsin Supreme Court which was denied on June 12, 1961, for failing to set forth facts entitling him to relief. In June 1964 he sought review by writ of error to the circuit court, and in September of 1964, the Wisconsin Supreme Court appointed counsel to represent him in an appeal from the denial of the writ. The court-appointed attorney having requested leave to withdraw, the state public defender was designated to represent him in October 1965. In March 1967, the public defender advised the Supreme Court that the writ of error was not the proper remedy for the grounds of relief relied on and suggested that petitioner be sent the forms for petition for writ of habeas corpus.

In February 1968, petitioner unsuccessfully applied for a writ of habeas corpus to the Wisconsin Supreme Court. A further petition to that court in August 1968, supported by records of his mental condition prior to his 1960 conviction, was also denied on the ground that the claims were without merit, by unpublished opinion, filed December 2, 1968.

The petition in the instant case was received by the federal court on December 6, 1968,[1] but due to a deficiency in the affidavit of poverty, was not filed until December 18, 1968.[2] The court

1. Petitioner, mistakenly, claims receipt of his petition on December 5, 1968. The document shows execution at the prison on that date, with receipt by the clerk's office on December 6, 1968.

2. An earlier, unsuccessful petition prosecuted by Mr. Curl alleged the unconstitutionality of parole revocation. See Curl v. State Department of Public Welfare et al., Civil Action No. 66–C–138.

being of the opinion that said petition disclosed an arguably meritorious claim, a response thereto was requested. The response submitted by counsel for respondent is directed solely to the question of the jurisdiction of the federal court to entertain a petition from a state prisoner challenging a sentence that had expired at the time of submission of the pleading and who was then in custody under a subsequent, unrelated sentence not now attacked.

The provisions of the federal habeas corpus statute pose the jurisdictional condition that the applicant be "in custody" pursuant to the challenged conviction and sentence when the petition is filed.[3] The doctrine defining "custody" has undergone substantial modification in recent times. Postponement on the ground of prematurity has been eliminated. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). Challenge is permitted to show the unconstitutionality of *present* confinement even though the applicant is subject to future confinement on a subsequent sentence, Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968). And, jurisdiction having attached by the requisite confinement at the time of filing of the petition, it is not defeated by the applicant's release during the pendency of the proceedings on habeas corpus, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

The record shows that the delay in presenting the claim to the federal court did not result from petitioner's lack of diligence. The case apparently did not become ripe for consideration by the federal court until three days prior to expiration of the challenged sentence, on denial of the state habeas corpus on December 2, 1968. Moreover, petitioner contends that notwithstanding expiration of the sentence some 24 hours prior to submission of his federal petition, the rationale of *Carafas* is equally applicable in his case in that he has a substantial stake in removing the stigma and disabilities flowing from his allegedly unjust conviction. Whatever may be the merits of this claim in view of petitioner's 1967 conviction, it does not overcome the failure to meet the jurisdictional requirement of the federal habeas corpus statute as construed most recently in Carafas v. LaVallee, supra.[4]

Now, therefore, it is ordered that the court being without jurisdiction to entertain the cause, the petition be and it is hereby denied.

---

3. See 28 U.S.C.A. §§ 2241, 2242, 2243, 2244, 2245, 2249, 2252, and 2254.

4. 391 U.S. 234, 238 fn. 12, 88 S.Ct. 1556.