UNITED STATES of America ex rel.
Edward RYBARIK, Appellant,

v.

James F. MARONEY, Superintendent,
State Correctional Institution, Pitts-
burgh, Pennsylvania.

No. 17245.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Nov. 22, 1968.

Decided Feb. 3, 1969.

Edward Rybarik, pro se.

Harry A. Heilman, Jr., Dist. Atty. of Armstrong County, Kittanning, Pa., for appellee.

## OPINION OF THE COURT

Before GANEY, FREEDMAN and SEITZ, Circuit Judges.

SEITZ, Circuit Judge.

This is an appeal from the district court's denial of a state prisoner's request for a writ of habeas corpus.

On January 20, 1962, appellant was sentenced by a Pennsylvania court to a term of 5–10 years after being convicted of burglary by a jury. He did not appeal. In 1966, appellant unsuccessfully sought post-conviction relief in the Pennsylvania courts attacking the effectiveness of his trial representation. The Pennsylvania Common Pleas Court, after a hearing, dismissed the petition. The Superior Court affirmed Commonwealth ex rel. Rybarik v. Maroney, 210 Pa.Super. 719, 231 A.2d 349 (1967). The Supreme Court of Pennsylvania denied allocatur.

In 1967, appellant petitioned the United States District Court for the Western District of Pennsylvania for a writ of habeas corpus. In his petition challenging his 1962 sentence, he alleged that (1) he was denied the effective assistance of counsel at his trial and (2)

he was denied the assistance of counsel in filing post-trial motions and in perfecting an appeal. The appellant had been paroled on this sentence in 1967 before having filed his petition in the district court,[1] but he remained in prison serving two, 4–8 years, concurrent sentences imposed in 1965 for offenses committed when appellant had broken out of prison in 1964. In an unreported opinion, the district court denied appellant relief.

We first consider the district court's holding that it could not consider appellant's contention that he was denied effective assistance of counsel at trial because the granting of the writ could not result in his release. We note, parenthetically, that this reasoning, if valid, would seem to be equally applicable to appellant's second contention, which the district court found to be "without merit". However, subsequent to the decision of the district court, the United States Supreme Court decided Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968). In Walker, the Court held that a prisoner could attack his current detention, irrespective of the fact "that *another* prison term might still await him even if he should successfully establish the unconstitutionality of his present imprisonment." 390 U.S. at 337, 88 S.Ct. 962, at 964. See also Carafas v. LaVallee, 391 U.S. 234, 239, 88 S. Ct. 1556, 20 L.Ed. 554 (1968). Thus, in view of this change in the controlling law, the basis for the district court's disposition of this issue is no longer valid. On remand appellant's contention must be determined on the merits.

The second ground of the petition, that the appellant was denied the assistance of counsel in filing post-trial motions and in perfecting an appeal, was rejected by the district court as being "without merit". The court drew this conclusion from the premise that

"relator [appellant] does not aver any error in the trial proceedings which would be the basis of such motions on appeal, other than the issue of ineffective representation by counsel." In our view, the conclusion drawn by the district court does not necessarily follow from the stated premise. In some cases the very reason a defendant, particularly one without counsel, is unable to point out error in the trial is because, through ineffectiveness, his counsel has not made an error manifest on the record or has not preserved alleged errors for post trial or appeal purposes.

Thus we conclude that the "merits" stand unresolved in the district court. However, in reaching its conclusion as to this issue, the district court assumed without deciding that appellant had exhausted his state remedies. Our examination of the state record shows that appellant has not exhausted his state court remedies with respect to his contention concerning post trial motions and an appeal. Indeed, insofar as we can determine, this contention has not been presented to any state tribunal. Hence, we think a proper deference to 28 U.S.C. § 2254 dictates that the merits of appellant's contention should not be reached by the federal court until the state courts have had an opportunity to pass on it. Compare Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963). Additionally we note that the district court's determination of the first issue on the merits may be most useful to the appellant in deciding whether he will resort to the state courts.

Accordingly, the judgment of the district court must be vacated and the matter remanded with the following instructions: as to the issue of the effective assistance of counsel at the time of trial, the court is directed to hold promptly such further proceedings as are necessary to determine the merits of appel-

---

1. As a parolee, the appellant was in custody at the time of the filing of his petition as is required by the federal habeas corpus statute and thus had standing to bring this action. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

lant's claim; as to the issue of the denial of assistance of counsel on post trial and appeal matters, the court is directed to dismiss the claim without prejudice because of appellant's failure to exhaust his state remedies.