**UNITED STATES of America ex rel. Michael MILLER**

v.

**Joseph F. MAZURKIEWICZ, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.**

**Misc. No. 69–460.**

United States District Court
E. D. Pennsylvania.
Dec. 16, 1969.

Michael Miller, pro se.

Stewart J. Greenleaf, Asst. Dist. Atty., Montgomery County, Norristown, Pa., for defendant.

## MEMORANDUM

JOHN W. LORD, Jr., Chief Judge.

A brief summary of the rather complicated factual history of this case may be helpful.

Relator, Michael Miller, was found guilty during February Term, 1961 in Montgomery County on three indictments charging burglary, larceny, and receiving stolen goods. The charges arose from the theft of coins from jukeboxes and cigarette machines in three restaurants in communities in central Montgomery County. Some coins kept in a cigar box containing payments of Pennsylvania Sales Tax were missing from one of the restaurants as well. Part of the evidence introduced against relator at trial consisted of bags of coins found in the trunk of relator's car after a search. The money contained in these bags totaled almost exactly the amount missing from the three restaurants. Relator was sentenced to a total term of 2 to 10 years on November 3, 1961 on the three indictments upon which he was convicted. He did not appeal.

In November Sessions, 1963, relator was convicted on three new indictments charging burglary, armed robbery and conspiracy to commit armed robbery. On January 28, 1966, relator was sentenced to imprisonment for three to twenty years on these charges, this sentence to commence at the expiration of the two to ten year sentence relator was then serving as the result of the 1961 convictions.

On July 28, 1965, relator filed a Petition for a Writ of Habeas Corpus in the Court of Common Pleas of Montgomery County challenging the 1961 convictions on the grounds that the above-described search of his automobile amounted to an unconstitutional search and seizure. Relator relied on Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961), decided two days before the start of relator's trial. The petition was denied on August 31, 1965 without an evidentiary hearing by President Judge Forrest, primarily on the ground that illegal search and seizure was not a proper subject for collateral attack in Pennsylvania but rather one for post-trial motions or direct appeal. On February 1, 1966, the Superior Court of Pennsylvania affirmed this denial and subsequently the Supreme Court of Pennsylvania refused allocatur.

On April 4, 1966, relator filed a petition for Writ of Habeas Corpus in this Court alleging unreasonable search and seizure and raising indirectly, denial of his right to appeal. This action was docketed under the number of Miscellaneous No. 3280. On May 27, 1966, this Court denied the petition on the ground that because of relator's 1963 convictions, discussed above, petitioner would not be entitled to immediate release even if the petition with respect to the 1961

convictions were granted. Relator appealed this decision to the Third Circuit Court of Appeals. Before the disposition by that Court, the United States Supreme Court, on March 11, 1968, decided the case of Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968). In the *Walker* case, the Supreme Court held that the fact that a favorable decision would not entitle a prisoner to immediate release could no longer be made a bar to a habeas corpus suit. Thereafter, on May 19, 1968, the Third Circuit Court of Appeals reversed the above decision of this Court, which was inconsistent with this recent Supreme Court decision.

Meanwhile, on January 25, 1968, relator had filed a Post-Conviction Petition in the Quarter Sessions Court of Montgomery County alleging denial of his right to appeal from his 1961 convictions. Because petitioner alleged in his habeas corpus petition in this Court that he was unaware at the time of trial of his right to appeal, this court dismissed relator's petition for habeas corpus on August 7, 1968, for failure to exhaust state remedies during the pendency of a similar claim in the state courts. Actually, Judge Smillie had dismissed relator's Post-Conviction Petition on June 25, 1968, but the Commonwealth was unaware of this decision and had consequently informed the Court that no decision had been handed down. On February 7, 1969, the Superior Court of Pennsylvania affirmed this dismissal and subsequently the Supreme Court of Pennsylvania refused allocatur.

Subsequent to the conclusion of these proceedings in the state court, relator reinstituted his Federal habeas corpus action, which has been docketed as Misc. No. 69–460. This action is now before the Court for determination. Relator's sentence on his 1961 convictions expired on September 1, 1969.

■ The Commonwealth first contends that where the sentence of a defendant expires during the pendency of his habeas corpus action, he can no longer challenge the conviction on which that sentence is based. The Commonwealth states that while relator may have been serving the sentence he now seeks to attack at the time he filed his petition, he is no longer serving that sentence but instead is serving the sentence on his 1963 convictions. The Commonwealth therefore says that relator's action must be dismissed as moot or for want of jurisdiction under the Federal Habeas Corpus provisions, relying on the cases of Thompson v. Cavell, 158 F.Supp. 19 (W.D.Pa.1957), and Hunter v. Smyth, 249 F.2d 651 (4th Cir. 1957). Even assuming that these cases support the propositions urged by the Commonwealth, the Court cannot accept the Commonwealth's argument. For even assuming that the Commonwealth's position was correct in 1957 when these cases were decided, it is clear that the proposition urged by the Commonwealth no longer reflects the law on this point. In 1968, the Supreme Court of the United States specifically held in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), that if a habeas corpus action is instituted in the Federal courts prior to the expiration of sentence, the subsequent expiration of that sentence would neither render the case moot nor deprive the Court of jurisdiction under the Federal habeas corpus statute for persons in "custody" pursuant to a state judgment. The Supreme Court laid particular stress on the fact that relator's underlying claims were not new, but that his path in litigating the case was long, partly because of the inevitable delays in court processes and partly because of the requirement of exhaustion of state remedies. *Id.* at 239–240, 88 S.Ct. 1556. As is evident from the above summary of the facts, the same can be said here. In light of the above Supreme Court decision, it is evident that this argument of the Commonwealth must be rejected even though the sentence on the conviction relator is attacking has indeed expired.

■ However this case presents a somewhat more complicated but related question. While relator prepared the

papers for the present habeas corpus action and had them notarized on August 19, 1969, the actual filing date in the Clerk's Office of this Court was September 10, 1969. Therefore it could be argued that relator *had not instituted* his habeas corpus action by the date of expiration of his sentence on the 1961 convictions, September 1, 1969, and therefore that the Court is without jurisdiction. The Court does not, however, find this argument persuasive, in light of the Supreme Court's reasoning in *Carafas, supra.* Relator in the instant case first instituted a federal habeas corpus action raising his present claims on April 4, 1966. Subsequently the case was twice dismissed, once erroneously and once for failure to exhaust state remedies. Court processes here as in *Carafas* have extended over a considerable period of time, and, here as there, action has been postponed in this Court until relator could exhaust state remedies. The Court does not believe that it would be in keeping with the rationale of the Supreme Court decision in *Carafas* to dismiss relator's claim at this time because the suit was treated as a new action when reinstituted, when relator originally raised the same claims in this Court some three and a half years prior to the expiration of his sentence on the conviction under attack.

■ This conclusion brings the Court to the merits of relator's claims. Once again relator does not appear to raise directly the issue of denial of his right to appeal, though he does allege that he was unaware of his right to appeal at the time of trial. In any event, this Court is in full agreement with the very thorough and carefully considered opinion of Judge Smillie denying relator's petition on this issue prepared after a full evidentiary hearing. The Court therefore holds that relator has no claim to relief based on denial of his right to appeal, and it will not be necessary to hold a hearing on this issue. 28 U.S.C.A. § 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ There remains for disposition relator's primary claim for relief, his claim that evidence introduced against him at trial was obtained through an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This claim was dismissed by President Judge Forrest, as previously indicated, primarily on the ground that a claim of unconstitutional search and seizure should have been raised by posttrial motion or direct appeal and was not a proper matter for collateral attack in Pennsylvania. Consequently it does not appear that an evidentiary hearing was held on this issue in the state courts. On the other hand, Supreme Court decisions "leave no doubt that the federal habeas remedy extends to state prisoners alleging that unconstitutionally obtained evidence was admitted against them at trial." Kaufman v. United States, 394 U.S. 217, 225, 89 S.Ct. 1068, 1073, 22 L.Ed.2d 227 (1969) (citing Mancusi v. De Forte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Henry v. Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965)).

Accordingly, a hearing will be necessary in this Court on the search and seizure issue. 28 U.S.C.A. § 2254(d); Townsend v. Sain, *supra.*

Relator requests the appointment of counsel. The Voluntary Defender Association will be appointed to represent relator.