Carl McFADDEN, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 70 C 73(2).

United States District Court, E. D. Missouri, E. D.

April 30, 1970.

Carl McFadden pro se.

Deniel Bartlett, Jr., U. S. Atty., for respondent.

## MEMORANDUM

MEREDITH, District Judge.

Carl McFadden was convicted in 1957 of three violations each of 21 U.S.C. §

174 and 26 U.S.C. § 4705(a) and given six concurrent five-year sentences. No appeal was taken from the convictions. McFadden served the sentences and was released from custody. In 1966 he was convicted on two counts of violating 26 U.S.C. § 4704(a) and two counts of violating 26 U.S.C. § 4705(a). He was sentenced to ten years imprisonment on each count with two counts to be concurrent and two to be consecutive for a total sentence of twenty years. These convictions were affirmed on appeal. McFadden filed a motion under 28 U.S.C. § 2255 to vacate this second conviction. The motion was denied.

McFadden has now filed a writ of error coram nobis under 28 U.S.C. § 1651 alleging he had ineffective assistance of counsel at his first conviction. He states that his retained counsel failed to inform him of his right to appeal in forma pauperis, and that as a result he did not appeal. He further alleges that the result of not having his first conviction reversed on appeal was his being sentenced as a second offender on the 1966 convictions. (An information describing him as a person with a prior conviction was filed at the time of the sentencing on the 1966 convictions in accordance with 26 U.S.C. § 7237(c) (2), although the Court made no mention of the fact McFadden was a second offender, and the sentences imposed are consistent with McFadden being either a first or second offender.)

■ The motion in the nature of a writ of error coram nobis can be brought under 28 U.S.C. § 1651 and is available under circumstances compelling such action to achieve justice. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The fact that subsequent convictions may carry heavier penalties may be such a circumstance. *Id.* at 512, 513, 74 S.Ct. 247. The Court will consider this motion as a motion in the nature of a writ of error coram nobis and not a motion to vacate sentence under 28 U.S.C. § 2255. While the "in custody" provisions of 28 U.S.C. §§ 2241, 2254, and 2255 have been relaxed, Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); it is the opinion of the Court that the *Morgan* case is controlling on the facts involved here. The petitioner is in custody, but he is challenging a sentence which he had already served and from which he had been released for at least four years prior to the conviction under which he is now in custody.

■ The petitioner could have taken an appeal as a matter of right. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Although the right to appeal in forma pauperis under 28 U.S.C. § 1915 is not absolute, an indigent must be afforded counsel on appeal whenever he challenges a certification that the appeal is not taken in good faith, Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed. 2d 593 (1957). Where the only appeal a defendant has as a matter of right is involved, it is unconstitutional to make exercise of that right depend upon his ability to retain counsel, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1963); Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964). Failure to advise a defendant of his appeal rights or to file an appeal after being requested to do same can be characterized as ineffective assistance of counsel, Williams v. United States, 402 F.2d 548 (8th Cir. 1968).

■■ If this were a motion to vacate sentence under 28 U.S.C. § 2255, the proper remedy in a case such as this would be to vacate his sentence, resentence him, and let the appeal process begin to run from the date of the resentencing, Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); Williams v. United States, supra. A hearing to determine whether or not the petitioner knew of his right to appeal as an indigent before the expiration of his appeal time may be required by some circuits. U. S. ex rel. Smith v. McMann, 417 F.2d 648 (2nd Cir. 1969).

This, however, is not a motion under section 2255, but a motion in the nature of writ of error coram nobis and for that reason it is the opinion of the Court that petitioner has failed to state facts upon which relief can be granted. Here, the petitioner is challenging a thirteen-year-old conviction. He has already served the sentence imposed and had been released from it for several years before he was convicted again. Yet, in his petition, he fails to allege any errors which would have resulted in the reversal of his conviction on appeal. In fact, he makes no allegation of error at all. If this were a motion under 28 U.S.C. § 2255, this might not be necessary, *Williams, Rodriquez, Smith,* supra. This action is a writ of error coram nobis and "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." United States v. Morgan, supra, 346 U.S. at 511, 74 S.Ct. at 252. It is the opinion of the Court that because of the length of time since conviction and the length of time since release from the sentence, it is necessary to allege grounds for appeal in order to state grounds for relief under this unusual writ.

▆ A further reason for denying relief to petitioner is the sentence involved in his second (1966) conviction. The defendant was convicted in 1966 of four counts of violation of federal statutes involving the sale of heroin. He was given ten-year sentences on each count—two of the sentences to run consecutively to the other two. Although he was qualified as a second offender, he received a ten-year sentence, which is well within the maximum sentence available for first offenders. Even if the petitioner was successful on his appeal from the first conviction, he could receive the same sentence on the 1966 heroin convictions. 26 U.S.C. § 7237 provides a penalty of five years to twenty years for a first offender and ten years to forty years for a second offender who violates 26 U.S.C.

§ 4705(a). It further provides a penalty of two to ten years for a first offender who violates 4704(a) and five to twenty years for a second offender. Therefore, as a first offender this petitioner could have received a total of sixty years on his 1966 conviction. As a second offender, the Court could have given him sentences totaling one hundred twenty years on his 1966 convictions.

It is the opinion of the Court that the petitioner has failed to allege any basis for relief. Therefore, the petition shall be, and the same is, dismissed.