# NO. 12-20-00127-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                      |   |                                 |
|----------------------|---|---------------------------------|
| *EX PARTE:*          | § | *APPEAL FROM THE 145TH*         |
|                      | § | *JUDICIAL DISTRICT COURT*       |
| *TONY HALL, JR.*     | § | *NACOGDOCHES COUNTY, TEXAS*     |

## MEMORANDUM OPINION

Tony Hall, Jr. files this application for writ of habeas corpus following his arrest for nine felony offenses. The trial court set the amount of Appellant's bond at $100,000 for each offense. In his application, Appellant complains that the trial court abused its discretion (1) by failing to grant him a personal recognizance bond when the State was not ready for trial within ninety days from the commencement of his detention and (2) by declining to reduce the amount of his bail bond, which is excessive. We affirm the trial court's order denying relief and, further, deny Appellant's application for relief to this court.

## BACKGROUND

On December 19, 2019, Appellant, while on community supervision, was arrested for nine felony offenses—possession of marijuana, manufacture or delivery of between four and two hundred grams of a controlled substance in Penalty Group 1 (two offenses), manufacture or delivery of between four and four hundred grams of a controlled substance in Penalty Group 2 (two offenses), theft of a firearm (2 offenses), unlawful possession of a firearm by a felon, and tampering with evidence. The trial court set appellant's bond at $100,000 for each offense.

On March 18, 2020, Appellant had not been indicted for these offenses, but remained in custody. On March 19, Appellant filed an Application for Writ of Habeas Corpus in the trial court, in which he alleged that, because the State was not ready for trial, he should be released on a personal recognizance bond or bail should be set at a reduced amount pursuant to Texas Code

1

of Criminal Procedure, Article 17.151. On April 30, Appellant filed a Motion for a hearing on his writ.

On May 12, the trial court conducted a remote video hearing on Appellant's application. At the hearing, Appellant testified that he was indigent and had been confined for more than ninety days but had not been indicted. He also requested that the trial court set bail in the revocation proceedings. The State introduced a motion to revoke Appellant's community supervision based on Appellant's failure to pay community supervision fees current through March 5, 2020, as well as recommendations to add to the motion the nine felony offenses for which Appellant was arrested. The State also argued that Appellant was not entitled to release on a personal recognizance bond because Article 17.151 was suspended under Governor Greg Abbott's March 29, 2020 executive order (GA-13).[1] The trial court denied Appellant's motion to set bail in the revocation proceedings.[2] It also denied Appellant's application for writ of habeas corpus by written order that same day. Appellant's application for writ of habeas corpus to this court followed.

### FAILURE TO GRANT OR REDUCE BOND PURSUANT TO ARTICLE 17.151

In his sole issue, Appellant argues that the trial court abused its discretion in denying his application for writ of habeas corpus brought pursuant to Article 17.151.[3] We review an order denying a petition for writ of habeas corpus for abuse of discretion. *See **Ex parte Gill***, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). A trial court abuses its discretion when its decision "falls outside the zone of reasonable disagreement," ***Johnson v. State***, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016), or the trial judge acts "without reference to any guiding rules and

---

[1] On March 29, 2020, Texas Governor Greg Abbott signed Executive Order GA-13, which states in pertinent part, "Article 17.151 of the Texas Code of Criminal Procedure is hereby suspended to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial." https://gov.texas.gov/uploads/files/press/EO-GA-13_jails_and_bail_for_COVID-19_IMAGE_03-29-2020.pdf.

[2] During the hearing, the trial court asked Appellant if he would like the issue of his community supervision revocation set for a hearing. Based on the State's indication that it may be inclined to negotiate the issue of revocation, Appellant declined the trial court's invitation to set a hearing on the matter.

[3] A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within ninety days from the commencement of his detention if he is accused of a felony. *See* TEX. CODE CRIM. PROC. ANN. art 17.151 § 1(1) (West 2005).

principles." ***State v. Hill***, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting ***Montgomery v. State***, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).

Here, Appellant raises several arguments regarding both the State's readiness under Article 17.151 and the constitutionality of GA-13. However, it is apparent from the record that Appellant not only was confined pending trial on the nine offenses for which he was arrested in late 2019, but also for his having potentially violated the terms and conditions of his community supervision. During the hearing on his application, Appellant requested that the trial court set bail in the revocation proceeding. *See* TEX. CODE CRIM. PROC. ANN. art 42A.751(c) (West Supp. 2020) (permitting judge who ordered arrest for alleged violation of community supervision to authorize defendant's release on bail). The trial court denied this request, and the propriety of this denial is not an issue before us in this proceeding.

The primary purpose of the writ of habeas corpus is to test the legality of detention. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.01 ("writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"), 11.14 (requisites of petition), 11.40 (West 2005) (applicant shall be discharged if court finds imprisonment "cannot for any cause be lawfully prolonged"); *see also* ***Walker v. Wainwright***, 390 U.S. 335, 336, 88 S. Ct. 962, 963, 19 L. Ed. 2d 1215 (1968). Here, the record establishes that Appellant was confined both for the offenses he allegedly committed in late 2019, as well as for his alleged violation of the terms and conditions of his community supervision. Thus, we conclude that Appellant's confinement was legal under Article 42A.751(b), and the trial court's denial of bail in that matter is not before us in this proceeding. Accordingly, irrespective of whether Appellant was entitled to release pursuant to Article 17.151, we cannot conclude that the trial court abused its discretion by denying his application for writ of habeas corpus because, at that time, its conclusion that Appellant should remain confined pending revocation proceedings was a matter within its discretion under Article 42A.751(c).[4] Appellant's sole issue is overruled.[5]

---

[4] We acknowledge that there are time constraints with which a trial court must comply in scheduling a hearing on a motion to revoke when a defendant has not been released on bail. *See* TEX. CODE CRIM. PROC. ANN. art 42A.751(d) (West Supp. 2020). But we note that after the trial court denied Appellant's request for bail pending a revocation hearing, it offered to set a hearing on the State's motion to revoke, and Appellant declined the trial court's offer to seek a setting at that point in time.

[5] As a result of our disposition of Appellant's sole issue, we do not consider his arguments made pursuant to Article 17.151 or regarding the constitutionality of GA-13. *See* TEX. R. APP. P. 47.1.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order denying Appellant's application for writ of habeas corpus and, further, we ***deny*** Appellant's application for relief to this court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 16, 2020**

**NO. 12-20-00127-CV**

**EX PARTE: TONY HALL, JR.**

Appeal from the 145th District Court
of Nacogdoches County, Texas (Tr.Ct.No. C2035611)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order denying Appellant's application for writ of habeas corpus **be in all things affirmed**, and Appellant's application for relief to this court is **denied**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*