Carlos Pagan SAN–MIGUEL,
Petitioner–Appellant,

v.

Dan L. DOVE, Warden of FCI–Edge-
field; United States of America,
Respondents–Appellees.

Calvin Tyrone Young, Petitioner–
Appellant,

v.

Joyce K. Conley, Warden, Respondent–
Appellee.

Nos. 01–6115, 01–6253.

United States Court of Appeals,
Fourth Circuit.

Argued April 2, 2002.

Decided May 21, 2002.

**258**

**ARGUED:** Kelley Brooke Snyder, Student, Appellate Litigation Clinic, University of Virginia School of Law, Charlottesville, Virginia, for Appellants. Demetra Daniel Lambros, United States Department of Justice, Washington, D.C., for Appellees. **ON BRIEF:** Neal L. Walters, Appellate Litigation Clinic, University of Virginia School of Law, Charlottesville, Virginia, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Ann Agnew Cupp, Assistant United States Attorney, Kasey Warner, United States Attorney, Michael L. Keller, Assistant United States Attorney, United States Department of Justice, Washington, D.C., for Appellees.

Before WILKINSON, Chief Judge, KING, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by published opinion. Chief Judge WILKINSON wrote the opinion, in which Judge KING and Senior Judge HAMILTON joined.

## OPINION

WILKINSON, Chief Judge.

Petitioners Carlos Pagan San–Miguel and Calvin Tyrone Young brought petitions for writs of habeas corpus under 28 U.S.C. § 2241 contending that their sentences for drug trafficking were illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district courts dismissed their petitions. This court has repeatedly held that *Apprendi* claims may not be raised on collateral review. *See Burch v. Corcoran*, 273 F.3d 577, 584 (2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 2311, 152 L.Ed.2d 1065 (2002); *United States v. Sanders*, 247 F.3d 139, 146, 151 (4th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001). And this is as clear for § 2241 claims as it is for claims brought under 28 U.S.C. § 2255. Because we find that petitioners cannot raise their *Apprendi* claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255, we affirm.

### I.

#### A.

Petitioner Carlos Pagan San–Miguel helped mastermind a scheme to smuggle cocaine from Columbia into Puerto Rico. San–Miguel was arrested on March 27, 1991 after law enforcement officers observed him unloading bales of cocaine from a boat onto the beach behind his father's home. He was indicted in Puerto Rico for, *inter alia*, the possession of 232.8 kilograms of cocaine with the intent to distribute. However, at trial, the judge instructed the jury that it did not have to make a finding regarding the amount of narcotics San–Miguel possessed. On March 19, 1992, the jury found him guilty of three counts of drug trafficking, including possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The court sentenced him to concurrent thirty-year sentences for each of the drug trafficking charges based, in part, on its finding that 232.8 kilograms of cocaine were involved. San–Miguel also

received a consecutive thirty-year sentence for a firearms violation.

San–Miguel appealed his conviction and sentence. The First Circuit affirmed. *See United States v. Luciano–Mosquera,* 63 F.3d 1142, 1146 (1st Cir.1995). He then filed a motion under 28 U.S.C. § 2255 in Puerto Rico district court. The court denied relief. The First Circuit again affirmed and subsequently denied San–Miguel's request to file a second § 2255 motion.

On October 30, 2000, San–Miguel filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court in South Carolina, where he is presently incarcerated. Unlike a § 2255 motion which is filed in the petitioner's trial and sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. In his § 2241 petition, San–Miguel alleged that his sentence for the possession of cocaine with the intent to distribute was illegal under *Apprendi* because the jury did not determine the drug quantity involved, yet his thirty-year sentence exceeded the twenty-year maximum term of imprisonment set forth in 21 U.S.C. § 841(b)(1)(C) for violations based upon an unspecified drug quantity. The district court adopted the magistrate judge's recommendation that San–Miguel's petition should have been brought under § 2255, not § 2241, and that he had not received the advance approval required to file a successive § 2255 claim. Therefore, the district court dismissed San–Miguel's petition. San–Miguel appeals.

## B.

Petitioner Calvin Tyrone Young and his brother, Alvin, sold crack cocaine out of their homes in North Carolina. As part of an undercover operation, several law enforcement agents purchased approximately thirty-one grams of crack cocaine from Young over four months. Young and his brother were arrested after the agents made a final purchase of ninety-one grams of crack cocaine from Alvin in November 1996. Young was indicted on three counts of conspiracy to distribute cocaine. In January 1997, as a result of a plea agreement, the government dropped two of the distribution charges, while Young pleaded guilty to one count of conspiracy to distribute crack cocaine. Neither the count of the indictment to which he pleaded guilty nor the plea agreement specified the quantity of drugs involved.

At sentencing, the North Carolina district court determined that the quantity of drugs involved in the controlled purchases, 122.7 grams, provided the most reliable guide to the amount of drugs at issue and it used that amount to calculate Young's sentence.[1] The court also concluded that Young should be classified as a career offender. Based on these findings, the district court sentenced Young to thirty years in prison. Young appealed and this court affirmed. Young then filed a motion for collateral relief under 28 U.S.C. § 2255 in North Carolina district court, which was also denied.

On October 25, 2000, Young filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in West Virginia district

---

1. In reviewing Young's § 2241 petition, the West Virginia district court mistakenly believed that Young's sentence was based on 16.5 kilograms of crack. This mistake appears to be the result of Young's reference in his petition to Paragraph 16 of his Presentence Report which reported that Young was responsible for 16.5 kilograms of "crack." However, the North Carolina district court that sentenced Young struck Paragraph 16 from the Presentence Report and the judgment clearly states that "the defendant is held accountable for 122.7 grams of cocaine base 'crack.'"

court, where he is incarcerated. Young contended that his sentence was illegal under *Apprendi* because no drug quantity was specified in the count of the indictment to which he pleaded guilty, yet his thirty-year sentence exceeded the twenty-year maximum penalty set forth in 21 U.S.C. § 841(b)(1)(C) for violations based upon an unspecified drug quantity. The district court found that Young's claim should have been brought under § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.2001). And because Young had not received permission to file a successive § 2255 motion, nor would he meet the requirements for filing such a motion, the district court dismissed Young's petition. *Id.* at 358. Young appeals.

## II.

■ Petitioners contend that the district courts wrongly dismissed their *Apprendi* claims. We disagree. We have consistently held that *Apprendi* does not apply retroactively on collateral review. Both San–Miguel and Young were convicted long before *Apprendi* was decided and both pursued direct appeals in which they did not raise *Apprendi* claims. Instead, petitioners raised their *Apprendi* claims for the first time in their respective § 2241 habeas petitions. As such, these claims are barred by our decisions in *Burch*, 273 F.3d at 584, and *Sanders*, 247 F.3d at 146, 151.

■ In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. We held in *Sanders* that the *Apprendi* Court had adopted a new rule of criminal procedure dictating "what fact-finding procedure must be employed to

ensure a fair trial." *Sanders*, 247 F.3d at 147. And new rules of constitutional criminal procedure are not to be applied retroactively unless the Supreme Court has itself held that the rule is retroactive, *see Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001), or "the Court's holdings logically permit no other conclusion than that the rule is retroactive." *Id.* at 669, 121 S.Ct. 2478 (O'Connor, J., concurring).

■ The Supreme Court did not make the *Apprendi* rule retroactive in that decision or in any subsequent decision. And in *Sanders*, we concluded that the *Apprendi* rule did not fall into either of the two exceptions to the nonretroactivity rule set forth in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *Sanders*, 247 F.3d at 148, 151. *Apprendi* neither forbids criminal punishment of certain primary conduct nor is it such a "watershed" change in criminal procedure that it alters our understanding of the bedrock elements that are necessary to ensure a fair proceeding. *Sanders*, 247 F.3d at 148–51; *Burch*, 273 F.3d at 584; *see also Tyler*, 533 U.S. at 669–70, 121 S.Ct. 2478 (O'Connor, J., concurring) (discussing the two *Teague* exceptions). Since *Apprendi* does not meet these criteria, it does not apply retroactively to cases on collateral review. *Sanders*, 247 F.3d at 146, 151; *see also Burch*, 273 F.3d at 584.

The fact that *Sanders* involved a § 2255 petition and petitioners are seeking review under § 2241 does not alter the conclusion that *Apprendi* does not apply retroactively to their claims. Section 2241 is simply another avenue for petitioners seeking collateral review of criminal convictions. In fact, § 2255 grew out of and was intended to replace § 2241 in the vast majority of cases. *See United States v. Hayman*, 342 U.S. 205, 215–19, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The interrelatedness of these

two provisions is demonstrated by the fact that petitioners are prevented from filing a § 2241 petition unless they fall within the savings clause of § 2255.[2]

Nothing in *Teague* confines the term "collateral review" to habeas review of state court convictions. *See United States v. Martinez*, 139 F.3d 412, 416 (4th Cir. 1998) (holding that *Teague* applies to federal prisoners' actions for collateral relief under 28 U.S.C. § 2255); *see also United States v. Sanchez–Cervantes*, 282 F.3d 664, 667 n. 9 (9th Cir.2002) (citing cases). The nonretroactivity rule is grounded "both in the purposes of habeas corpus and in the values of federalism and finality." *Martinez*, 139 F.3d at 415. Habeas relief "serves as an incentive ... for states and federal courts to faithfully apply federal law." *Id.* And "[t]his purpose is served sufficiently by requiring courts to apply federal law as it exists at the time a defendant's conviction becomes final." *Id.*

Similarly, the nonretroactivity rule serves the values of federalism and finality by not requiring states to constantly relitigate convictions that satisfied all of the constitutional requirements in place at the time the convictions became final. *Id.* at 416. These values support the application of the *Teague* nonretroactivity rule to both state and federal prisoners regardless of which statutory provision they utilize to file their petition.

The other circuit courts that have considered the question have declined to give *Apprendi* retroactive effect. *See Sanchez–Cervantes*, 282 F.3d at 671; *McCoy v.*

*United States*, 266 F.3d 1245, 1258 (11th Cir.2001), *petition for cert. filed*, No. 01–8115 (U.S. Dec. 26, 2001); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002). We have already held that *Apprendi* does not apply collaterally in two different contexts—review of a federal drug sentence in *Sanders* and review of a state capital conviction in *Burch*. The fact that petitioners are attempting to bring their petitions under § 2241 does not alter the clear holdings in both *Sanders* and *Burch*. Therefore, petitioners may not raise their *Apprendi* claims in a petition for a writ of habeas corpus under § 2241 or in a subsequent § 2255 motion.

### III.

The judgments of the district courts are therefore

*AFFIRMED.*

---

2. Petitioners note that claims fall within the savings clause of § 2255 when a § 2255 motion is "inadequate or ineffective to test the legality" of detention. 28 U.S.C. § 2255. However, the fact that petitioners are barred from filing a successive § 2255 motion does not render § 2255 "inadequate or ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997). Moreover, it is doubtful petitioners fall within the savings clause of § 2255 both because their claims are not constitutional in nature and because *Apprendi* did not make petitioners' drug trafficking noncriminal. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir.2000). Finally, and most significantly, any § 2241 petition runs afoul of *Burch* and *Sanders* for the reasons expressed herein.