# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BOBBY L. INGRAM,

*Petitioner-Appellant,*

v.

DAN L. DOVE, Warden, FCI
Edgefield,

*Respondent-Appellee.*

No. 01-7287

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CA-01-932)

Submitted: May 29, 2002

Decided: June 20, 2002

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bobby L. Ingram, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bobby L. Ingram appeals the district court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241 (1994). Following his conviction and sentencing in 1995,[1] Ingram appealed to the Eleventh Circuit Court of Appeals, which affirmed. The Supreme Court denied Ingram's subsequent request for grant of certiorari. He then filed a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001) to set aside, vacate, or correct his sentence, which the Eleventh Circuit denied. After the Supreme Court announced its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Ingram filed a motion for authorization under 28 U.S.C.A. § 2244 (West 1994 & Supp. 2001) to file a successive motion under 28 U.S.C.A. § 2255 (West Supp. 2001) in order to raise an *Apprendi* claim. The Eleventh Circuit denied the motion, holding *Apprendi* is not retroactively applicable. Ingram then filed the instant § 2241 petition which the district court denied.

We recently held that *Apprendi* claims are not cognizable in a § 2241 petition because *Apprendi* does not apply retroactively and § 2255 is not rendered inadequate or ineffective merely because a habeas petitioner, such as Ingram, is barred from filing a successive § 2255 motion. *See San-Miguel v. Dove*, No. 01-6115, slip op. at 6 & n.2, ___ F.3d ___, 2002 WL 1020723 (4th Cir. May 21, 2002). Therefore, Ingram cannot circumvent § 2255's bar against filing successive habeas motions by bringing the same claim in a § 2241 petition and hence, his *Apprendi* claim fails.

Accordingly, we grant Ingram's motion to proceed in forma pauperis and affirm the judgment of district court as modified to reflect the dismissal of this claim is with prejudice.[2] *See Ingram v. Dove*, No. CA-01-932 (D.S.C. July 24, 2001). We dispense with oral

---

[1]The record does not identify the federal district court in which Ingram's conviction and sentence occurred.

[2]The district court dismissed Ingram's petition without prejudice for failure to exhaust administrative remedies. Given our disposition in light of *San-Miguel*, we find exhaustion would not render Ingram's claim cognizable and thus his claim is dismissed with prejudice.

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*