UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ORVILLE ISAAC WRIGHT,
          *Petitioner-Appellant,*

          v.

JOSEPH BROOKS, Warden,
          *Respondent-Appellee.*

No. 02-6038

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-01-939-5-BO)

Submitted: June 11, 2002

Decided: June 26, 2002

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Orville Isaac Wright, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Orville Isaac Wright, a federal prisoner serving a 292 month sentence for conspiracy to distribute cocaine and marijuana, appeals the district court's dismissal of his petition filed pursuant to 28 U.S.C. § 2241 (1994). Following the denial of his direct appeal, Wright filed a belated motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). The district court dismissed the motion, and this Court affirmed that ruling. Thereafter, Wright filed a motion pursuant to 28 U.S.C.A. § 2244 (West 1994 & Supp. 2001) seeking authorization to file a successive § 2255 motion. We denied that motion. In this § 2241 petition, Wright raises a challenge to his sentence based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He also brings claims of prosecutorial misconduct, a *Brady* violation, and ineffective assistance of counsel. The district court dismissed the petition, stating that § 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Wright timely noted this appeal.

We have held that *Apprendi* claims cannot be initially raised in a § 2255 proceeding. *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001). More recently, we held that *Apprendi* claims are not cognizable in a § 2241 petition because *Apprendi* does not apply retroactively and § 2255 is not rendered inadequate or ineffective merely because a habeas petitioner, such as Wright, is barred from filing a § 2255 motion. *See San-Miguel v. Dove*, No. 01-6115, slip op. at 6 & n.2, ___ F.3d ___, 2002 WL 1020723 (4th Cir. May 21, 2002). Thus, Wright's *Apprendi* challenge fails under *San-Miguel*'s holding.

The remainder of Wright's claims are attacks on his judgment of conviction that can be presented, if at all, only in a successive § 2255 motion. *See* § 2255 ¶ 8. Section 2255 is not rendered inadequate or ineffective merely because a habeas petitioner such as Wright is unable to obtain relief under that provision. *See In re: Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

Accordingly we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*