# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EGUARDO JOHNSON,

*Plaintiff-Appellant,*

v.

FRED MENIFEE, Warden, Otisville,
New York,

*Defendant-Appellee.*

No. 01-6900

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-94-34, CA-01-60-5-H)

Submitted: June 11, 2002

Decided: July 10, 2002

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Eguardo Johnson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Eguardo Johnson was convicted by jury in the Eastern District of North Carolina of conspiracy to distribute cocaine in violation of 21 U.S.C.A. § 846 (West 2000) and distribution of cocaine in violation of 21 U.S.C.A. § 841 (West 2000). The district court sentenced Johnson to 360 months imprisonment. Johnson subsequently filed a petition pursuant to 28 U.S.C. § 2241 (1994) in the Eastern District of North Carolina. In that petition, Johnson challenged his sentence based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Johnson has never sought post-conviction relief pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001).

Johnson stated that he filed a § 2241 petition because the one-year statute of limitations had run for a motion pursuant to § 2255. The district court concluded that § 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision, *see In re: Jones*, 226 F.3d 328, 333 (4th Cir. 2000), and accordingly construed Johnson's petition as an action filed under § 2255. So construed, the district court denied the motion as time barred.

Subsequent to the district court's order, this Court held that *Apprendi* claims could not be initially raised in a § 2255 proceeding. *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001). More recently, the Court has held that *Apprendi* claims are not cognizable in a § 2241 petition because *Apprendi* does not apply retroactively and § 2255 is not rendered inadequate or ineffective merely because a habeas petitioner, such as Johnson, is barred from filing a § 2255 motion. *See San-Miguel v. Dove*, No. 01-6115, slip op. at 6 & n.2, ___ F.3d ___, 2002 WL 1020723 (4th Cir. May 21, 2002). Thus, Johnson's claim is not cognizable regardless of whether it is considered as a petition under § 2241 or a motion under § 2255.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*