**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7824**

SHERMAINE ALI JOHNSON,

                    Petitioner - Appellant,

          v.

HENRY PONTON,

                    Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:13-cv-00404-JRS)

Argued: October 29, 2014               Decided: March 5, 2015

Before TRAXLER, Chief Judge, and WILKINSON and DUNCAN, Circuit Judges.

Affirmed by published opinion. Judge Duncan wrote the opinion, in which Chief Judge Traxler and Judge Wilkinson joined.

**ARGUED:** John Longstreth, K&L GATES LLP, Washington, D.C., for Appellant. Alice Theresa Armstrong, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:** Charles R. Mills, Noam A. Kutler, Eric T. Mitzenmacher, K&L GATES LLP, Washington, D.C., for Appellant. Mark R. Herring, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

DUNCAN, Circuit Judge:

Petitioner-Appellant Shermaine Ali Johnson appeals the district court's dismissal of his habeas petition under 28 U.S.C. § 2254, challenging his sentence of life imprisonment without parole. He argues that the rule announced in Miller v. Alabama, 132 S. Ct. 2455 (2012), is retroactively applicable to him on collateral review. Miller held that imposing mandatory life imprisonment without the possibility of parole for juvenile homicide offenders--i.e., imposing that sentence without any individualized consideration of their status as juveniles-- violates the Eighth Amendment. For the reasons that follow, we conclude that the Miller rule is not retroactively applicable to cases on collateral review. We therefore affirm.[1]

I.

The facts pertinent to this appeal are as follows:

> Johnson was convicted of the capital murder and rape of Hope Hall in 1998. Johnson was sixteen at the

---

[1] By order dated December 16, 2014, we placed this case in abeyance pending the Supreme Court's decision in Toca v. Louisiana, No. 14-6381, cert. granted, 135 S. Ct. 781 (Dec. 12, 2014). The Court granted certiorari in that case to address, in part, the question of Miller's retroactivity. See id. at 781. On February 3, 2015, the Clerk of the Supreme Court entered an order dismissing the writ of certiorari granted in Toca pursuant to the parties' stipulation to dismissal. In light of the Supreme Court's dismissal of Toca, we entered an order lifting the stay of this case on February 11, 2015.

time of the offense, but was sentenced by a jury to death. [Prior to that conviction, Johnson had also been convicted of the rapes of two other women.] In 2001, the Supreme Court of Virginia partially granted Johnson a writ of habeas corpus based on his trial counsel's failure to request a particular jury instruction. On remand, a properly instructed, second jury also imposed a sentence of death. . . . [T]he Supreme Court of Virginia affirmed Johnson's sentence . . . .

[In 2005, Johnson] sought review from the Supreme Court [of the United States], which remanded Johnson's case in light of its decision in Roper v. Simmons, 543 U.S. 551, 568 (2005) ("A majority of States have rejected the imposition of the death penalty on juvenile offenders under 18, and we now hold this is required by the Eighth Amendment."). Pursuant to Virginia Code sections 17.1-313(D)(2) and 53.1-151, the Supreme Court of Virginia commuted Johnson's sentence to life without the possibility of parole. In commuting Johnson's sentence, the Virginia Supreme Court did not hold or order a rehearing.

Johnson v. Ponton, No. 3:13-CV-404, 2013 WL 5663068, at *1 (E.D. Va. Oct. 16, 2013) (footnote omitted). Johnson's conviction and sentence "became final on September 7, 2005, which was the last date on which he could have sought direct review by the Supreme Court." Id. at *3; see generally 28 U.S.C. § 2244(d)(1)(A).

Roughly seven years later, in June 2012, the Supreme Court decided Miller. The Court held that a mandatory, life-without-the-possibility-of-parole sentence imposed on a homicide offender who was a juvenile at the time of the offense violates the Eighth Amendment. The concern motivating the Court's decision was that such a sentencing scheme precludes consideration of "how children are different" from adults.

3

*Miller*, 132 S. Ct. at 2469.  The Court noted that "it is the odd legal rule that does not have some form of exception for children," id. at 2470, and cited its decisions in *Roper*, 543 U.S. at 572-73, which categorically barred the death penalty for juveniles, and *Graham v. Florida*, 560 U.S. 48, 82 (2010), which categorically barred life-without-parole sentences for juvenile nonhomicide offenders.  Unlike in *Roper* and *Graham*, however, the *Miller* Court did "not categorically bar a penalty for a class of offenders or type of crime."  *Miller*, 132 S. Ct. at 2471.  Rather, the Court "mandate[d] only that a sentencer follow a certain process--considering an offender's youth and attendant characteristics--before imposing a particular penalty."  Id.

Just under one year later, in June 2013, Johnson sought collateral review of his sentence by filing a petition pursuant to 28 U.S.C. § 2254.  Johnson argued that his sentence violates the Eighth Amendment because *Miller* applies retroactively on collateral review.  He requested that the district court vacate his sentence and order a new sentence consistent with *Miller*.  The district court found that Johnson's claim was justiciable and properly exhausted, but untimely.  The court explained that "a petitioner has only one year from the time his state-court conviction becomes final in which to apply for a writ of habeas corpus," unless, as relevant here, "the constitutional right asserted by the petitioner is 'newly recognized by the Supreme

4

Court and made retroactively applicable to cases on collateral review.'" Johnson, 2013 WL 5663068, at *2 (quoting 28 U.S.C. § 2244(d)(1)(C)). The court found that the Supreme Court had not made the Miller rule retroactive, and therefore dismissed Johnson's petition as untimely. The court, however, granted a certificate of appealability "as to the specific issue regarding whether the new constitutional rule announced in Miller is retroactively applicable to cases on collateral review." J.A. 96. This appeal followed.

## II.

Before turning to the question of the Miller rule's retroactivity, we must first address a threshold jurisdictional question. Respondent-Appellee Henry Ponton (the "Warden") contends that Johnson's claim is nonjusticiable as moot because, under Virginia's three-time offender law, even if we invalidate his sentence under Miller, Johnson would still be parole ineligible.[2] Johnson counters that constitutional challenges to

---

[2] The Warden also argues that, under Jones v. Commonwealth, No. 131385, 2014 WL 5490609 (Va. Oct. 31, 2014), Johnson's sentence was not mandatory and Miller is therefore inapplicable. Jones held that life-without-parole sentencing schemes in Virginia are not mandatory because Va. Code Ann. § 19.2-303 gives trial courts the authority to "suspend part or all of the life sentence imposed for a Class 1 felony conviction." Id. at *1. However, as will be discussed further below, Miller held unconstitutional life-without-parole sentences imposed upon (Continued)

5

sentences currently being served are not moot, and we agree. Justiciability is a question of law that we review de novo. See Green v. City of Raleigh, 523 F.3d 293, 298 (4th Cir. 2008). That review, however, is largely circumscribed by Supreme Court precedent.

The Supreme Court held in Walker v. Wainwright, 390 U.S. 335 (1968) (per curiam), that a habeas petition is not moot where, if successful, the petitioner would not be released because he would be subject to another sentence. See id. at 337 ("It is immaterial that another prison term might still await [the petitioner] even if he should successfully establish the unconstitutionality of his present imprisonment."). This reasoning applies even where the same sentence might await a successful habeas petitioner due to other convictions. See Mancusi v. Stubbs, 408 U.S. 204, 205–06 (1972). These cases establish that a person "confined under a sentence from which he has not been unconditionally released . . . can validly contest [that sentence] in federal court." Adamson v. Lewis, 955 F.2d 614, 618 (9th Cir. 1992). Applying this principle to the facts

_____

juvenile homicide offenders without consideration of the offenders' youth. Because the commutation of Johnson's sentence from death to life imprisonment without parole did not involve any process for considering his youth, Miller is not inapplicable to Johnson on this ground.

6

before us, we conclude that Johnson's petition is justiciable because he is currently serving the sentence he challenges.

## III.

Finding Johnson's appeal justiciable, we turn to the question whether the rule announced in Miller is retroactively applicable on collateral review. Before addressing Johnson's arguments, we provide an overview of the circumstances under which new rules of constitutional law apply retroactively.

## A.

In general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."[3] Teague v. Lane, 489 U.S.

---

[3] The Supreme Court has observed that "[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." Teague, 489 U.S. at 309. Conversely, the Court has held that new rules must be applied to "cases pending on direct review," because failing to do so would "violate[] basic norms of constitutional adjudication." Griffith v. Kentucky, 479 U.S. 314, 322 (1987). Therefore, framing the retroactivity analysis is the tension between applying a new rule to all defendants, whether they present challenges on direct or collateral review, and preserving the finality that stabilizes the criminal justice system. The Supreme Court resolves that tension by drawing the line between cases challenging convictions or sentences that are not yet final--which are thus brought as appeals as-of-right on direct review, and those challenging convictions or sentences that have already become final--which are thus brought collaterally (Continued)

7

288, 310 (1989). However, a rule may apply retroactively on collateral review if "the Supreme Court has itself held that the rule is retroactive, or [if] 'the Court's holdings logically permit no other conclusion than that the rule is retroactive.'" San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002) (citation omitted) (quoting Tyler v. Cain, 533 U.S. 656, 669 (2001) (O'Connor, J., concurring)). Where the Supreme Court has not expressly made a rule retroactive through a holding, the Court's holdings logically prescribe the retroactivity of a rule where the rule falls into one of the two exceptions identified in Teague: (1) "the rule is substantive" rather than procedural, or (2) "the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Whorton v. Bockting, 549 U.S. 406, 416 (2007) (alteration in original) (quoting Saffle v. Parks, 494 U.S. 484, 495 (1990)); see also Teague, 489 U.S. at 307.

A new rule is substantive if it "prohibit[s] a certain category of punishment for a class of defendants because of

---

through a more discretionary appeals process. Where courts have discretion to decline to hear a challenge to a conviction or sentence, finality concerns generally trump the considerations that compel a different result on direct review. We proceed under the Supreme Court's guidance that new rules generally do not apply retroactively on collateral review and discuss the exceptions to that principle below.

8

their status or offense." Penry v. Lynaugh, 492 U.S. 302, 330 (1989), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304 (2002). A watershed rule of criminal procedure is one that "requires the observance of 'those procedures that . . . are implicit in the concept of ordered liberty.'" Teague, 489 U.S. at 307 (quoting Mackey v. United States, 401 U.S. 667, 693 (1971) (Harlan, J., concurring in the judgment)). The watershed-rule exception is "extremely narrow." Schriro v. Summerlin, 542 U.S. 348, 352 (2004). Indeed, the Supreme Court has never found a new procedural rule to be "watershed" despite the fact that it has considered the question fourteen times. See Jennifer H. Berman, Comment, Padilla v. Kentucky: Overcoming Teague's "Watershed" Exception to Non-Retroactivity, 15 U. Pa. J. Const. L. 667, 685 (2012). The Court's statements that the right to counsel in felony prosecutions, guaranteed by Gideon v. Wainwright, might qualify as a watershed rule reveal how rare watershed rules are. See, e.g., Beard v. Banks, 542 U.S. 406, 417 (2004).

## B.

With these exceptions in mind, we turn to Johnson's arguments that the rule announced in Miller applies

9

retroactively.[4]  He first contends that the Miller rule is retroactively applicable because the Supreme Court made the rule retroactive by applying it in Miller's companion case, Jackson v. Hobbs.  Alternatively, Johnson argues that the rule applies retroactively under each Teague exception because it is a substantive rule of criminal law or, alternatively, a watershed rule of criminal procedure.  We address Johnson's two arguments in turn.

1.

Johnson first argues that the Supreme Court's application of the Miller rule to Miller's companion case, Jackson, shows that "the Court already has decided that the new rule will apply retroactively."  Appellant's Br. at 10.  The Warden responds that an express holding that a rule is retroactive, rather than mere application of the rule, is required to establish retroactivity, and the Court's application of the rule to Jackson did not amount to an express holding.  We agree with the Warden.

---

[4] A threshold question for retroactivity is whether the rule in question constituted a "new rule" when announced.  See Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013).  Once it is established that the rule in question is a "new rule," retroactivity analysis proceeds to the question whether the rule is retroactively applicable on collateral review.  Because the parties stipulate that Miller announced a new rule, we assume without deciding that it did so, and proceed directly to the retroactivity question.

10

We observed in San-Miguel v. Dove that the Supreme Court does not establish a rule's retroactivity except through a holding to that effect. See 291 F.3d at 260. We derived this principle from Tyler v. Cain, in which Justice O'Connor, concurring in the judgment, explained that, where a petitioner relies on a "single case" to establish retroactivity, the Supreme Court in that case must have "expressly . . . held the new rule to be retroactive on collateral review and applied the rule to that case." 533 U.S. at 668 (O'Connor, J., concurring) (emphasis added). Because an express holding as to retroactivity is required for a single Supreme Court case to establish retroactivity, the Court's mere application of a new rule to a case on collateral review is insufficient. And because Miller's holding concerned only the life-without-parole sentencing process of juvenile homicide offenders, and not the retroactivity of the rule it announced, the Court's application of that rule to Jackson did not render it retroactive.

The Supreme Court has also demonstrated the principle that mere application of a new rule to a case on collateral review is itself insufficient to establish retroactivity. In Padilla v. Kentucky, 559 U.S. 356 (2010), the Court announced a new rule-- that counsel is ineffective where she fails to "inform her client whether his plea carries a risk of deportation," id. at 374--and applied it to the case at bar, which presented a

11

challenge on collateral review, see id. at 359–60. Though without a companion case, Padilla is analogous to Miller and Jackson together in two ways. First, Padilla announced a new rule and applied that rule to a case on collateral review. And second, its holding did not mention or concern retroactivity. Three years later, the Supreme Court held that the Padilla rule does not apply retroactively on collateral review. See Chaidez v. United States, 133 S. Ct. 1103, 1113 (2013). Chaidez shows that the mere application of the Padilla rule in Padilla, without a holding as to retroactivity, was not enough to require application of that rule to other cases on collateral review. Similarly, in light of that example, we conclude that the Miller Court's application of the rule in Jackson was not enough to establish the rule's retroactivity.

2.

Johnson next argues that we should find Miller retroactive under both Teague exceptions. He maintains that the Miller rule is substantive because it held unconstitutional a type of sentence as a matter of substantive Eighth Amendment law. Alternatively, Johnson submits that Miller announced a watershed rule of criminal procedure. The Warden responds that Miller announced a procedural rule because it did not categorically bar a particular punishment for a class of offenders, and that the rule is not watershed but rather an outgrowth of the Supreme

12

Court's prior precedents. For the reasons that follow, we agree with the Warden.

a.

The Supreme Court was clear in Miller that it was announcing a procedural, rather than a substantive, rule. As we discussed above, a new rule of criminal law is substantive, and therefore qualifies for the first Teague exception, if it "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." Penry, 492 U.S. at 330. Miller expressly does not do so. The Court noted that its holding does "not foreclose a sentencer's ability" to sentence a juvenile homicide offender to life without parole. Miller, 132 S. Ct. at 2469. Rather, it prohibits sentencers imposing that sentence on such offenders from "proceed[ing] as though they were not children," id. at 2458 (emphasis added), by requiring the sentencer to "take into account how children are different," id. at 2469. Because only a "certain process-- considering an offender's youth and attendant characteristics-- before imposing a particular penalty," id. at 2471, is required after Miller, and because life without parole may still be imposed on juveniles so long as that process is carried out, Miller announced a procedural rule, and cannot qualify for the Teague exception for substantive rules.

13

b.

Nor can the Miller rule qualify for Teague's second exception. As we noted above, the Supreme Court "has repeatedly emphasized the rarity of new bedrock rules of procedure." United States v. Sanders, 247 F.3d 139, 148 (4th Cir. 2001). Against that background, the Miller rule is scarcely a strong contender to be the first to qualify for this exception. The Supreme Court has instructed that a new rule of criminal procedure that "qualifies under [the second Teague] exception must . . . 'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding." Sawyer v. Smith, 497 U.S. 227, 242 (1990) (quoting Teague, 489 U.S. at 311). The Miller rule does not alter our understanding of such procedural elements essential to fair proceedings because, as the Court noted in Miller, its decision "flow[ed] straightforwardly from [its] precedents." Miller, 132 S. Ct. at 2471. "[S]pecifically, the principle of Roper, Graham, and . . . individualized sentencing cases that youth matters for purposes of meting out the law's most serious punishments" gave rise to the result in Miller. Id. As such, the procedural rule announced in Miller is not watershed and therefore does not qualify for retroactivity under Teague's second exception, as we have been given to understand it.

14

IV.

We therefore hold that the Supreme Court has not held the Miller rule retroactively applicable, and that the Court's holdings do not dictate retroactivity because the rule is neither substantive nor a watershed rule of criminal procedure. In so deciding, we join the Eleventh Circuit. We also note that our holding is consistent with that of the only other circuit court panel to have answered the question of Miller's retroactivity. See Craig v. Cain, No. 12-30035, 2013 WL 69128 (5th Cir. Jan. 4, 2013) (per curiam) (unpublished).

The Eleventh Circuit held in In re Morgan, 713 F.3d 1365 (11th Cir. 2013), that "the decision in Miller has not been made retroactive on collateral review" because (1) "the Supreme Court has not held that Miller is retroactive[]," id. at 1367, and (2) "Miller changed the procedure by which a sentencer may impose a sentence of life without parole on a minor," but it did not create a substantive rule prohibiting "a certain category of punishment for a class of defendants because of their status or offense," id. at 1368 (emphasis added). The court concluded that, because the Miller rule is not retroactive, it could not furnish a basis for granting an application for leave to file a successive habeas motion. See id. at 1367–68.

Likewise, a panel of the Fifth Circuit, in its nonbinding opinion, denied a motion to reconsider, under Miller, a previous

15

denial of a request for a certificate of appealability, on the ground that "Miller does not satisfy the test for retroactivity." Craig, 2013 WL 69128, at *2.[5] The panel reasoned that Miller "does not categorically bar all sentences of life imprisonment for juveniles," and therefore does not qualify for the first Teague exception, and it "is an outgrowth of the Court's prior decisions," and as such, "does not qualify as a 'watershed rule[] of criminal procedure.'" Id. (internal quotation mark omitted).[6]

---

[5] The Fifth Circuit found, in another nonbinding opinion, that a petitioner had made a prima facie showing that the Miller rule is retroactive. See In re Simpson, 555 F. App'x 369, 371 (5th Cir. 2014) (per curiam) (unpublished). On that basis, the court granted the petitioner's motion to file a successive habeas petition under 28 U.S.C. § 2255(h). In so doing, however, the court stated that it was not "resolv[ing] the ultimate issue of the retroactivity of Miller" and explained that a "'prima facie showing' is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" Id. (quoting Reyes-Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001)).

[6] We note that the trend has differed among state supreme courts. Johnson points to decisions of the high courts of eight states that have held Miller retroactive. See People v. Davis, 6 N.E.3d 709 (Ill. 2014); State v. Ragland, 836 N.W.2d 107 (Iowa 2013); Diatchenko v. Dist. Attorney, 1 N.E.3d 270 (Mass. 2013); Jones v. State, 122 So.3d 698 (Miss. 2013); State v. Mantich, 842 N.W.2d 716 (Neb. 2014); In re New Hampshire, 103 A.3d 227 (N.H. 2014); Ex parte Maxwell, 424 S.W.3d 66 (Tex. Crim. App. 2014); State v. Mares, 335 P.3d 487 (Wyo. 2014). These courts have reasoned that the Miller rule is substantive because, though it requires a new process, the need for the process arises from a "substantive change in the law that prohibits mandatory life-without-parole sentencing." Ragland, 836 N.W.2d at 115; see also Diatchenko, 1 N.E.3d at 281. However, although
(Continued)

16

V.

For the foregoing reasons, the district court's dismissal of Johnson's habeas petition is

AFFIRMED.

---

these state courts purport to reason through <u>Teague</u>, that case binds only the federal courts. The Supreme Court held in <u>Danforth v. Minnesota</u> that <u>Teague</u> "does not in any way limit the authority of a state court . . . to provide a remedy for a violation that is deemed 'nonretroactive' under <u>Teague</u>." 552 U.S. 264, 282 (2008). As we, unlike state courts, are obliged to take <u>Miller</u>'s express limitations to heart, we conclude that <u>Miller</u> is not retroactively applicable on collateral review.

17