ANDERSON, Justice
(concurring).
The majority correctly concludes that Martin is not entitled to retroactive application of Miller v. Alabama,—U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), under Chambers v. State, 831 N.W.2d 311, 331 (Minn.2013), and Roman Nose v. State, 845 N.W.2d 193, 200 (Minn.2014). But I write separately, as I did in Chambers and Roman Nose, to reiterate the need for resolution of this issue by the United States Supreme Court, and failing action in that forum, additional attention from our court.[1]
*293 In Miller, the Supreme Court fashioned a straightforward rule of seemingly universal application: “mandatory life-without-parole sentences for juveniles violate the Eighth Amendment.”—U.S. at-, 132 S.Ct. at 2464. Yet, application of Miller to cases on collateral review has been anything but universal. Several state appellate courts have held that Miller presents a substantive rule of constitutional criminal procedure that applies retroactively to cases on collateral review,[2] while other state and federal courts, including our own, have denied collateral application of Miller.[3] It is unsurprising that states have come to different conclusions, as the Miller rule presents both substantive and procedural characteristics. See Roman Nose, 845 N.W.2d at 202-04 (Anderson, G. Barry, concurring). For now, I concur with the result here, based on existing precedent.

. Although it appeared that the Supreme Court was prepared to answer this question in State v. Toca, 141 So.3d 265 (La.2014), that case has been dismissed. Toca v. Louisiana,-U.S.-, 135 S.Ct. 1197, 191 L.Ed.2d 149 (2015) (dismissing writ of certiorari). The Court now seeks to resolve this question in another case. See State v. Montgomery, 141 So.3d 264 (La.2014), cert. granted,-U.S.-, 135 S.Ct. 1546, 191 L.Ed.2d 635 (2015).

. See Falcon v. State, 162 So.3d 954, 963 (Fla.2015); People v. Davis, 379 Ill.Dec. 381, 6 N.E.3d 709, 722 (Ill.2014), cert. denied,—U.S.-, 135 S.Ct. 710, 190 L.Ed.2d 439 (2014); State v. Ragland, 836 N.W.2d 107, 117 (Iowa 2013); Diatchenko v. Dist. Attorney, 466 Mass. 655, 1 N.E.3d 270, 281 (2013); State v. Mantich, 287 Neb. 320, 842 N.W.2d 716, 731 (2014), cert. denied,-U.S.-, 135 S.Ct. 67, 190 L.Ed.2d 229 (2014); In re State, 166 N.H. 659, 103 A.3d 227, 236 (2014), petition for cert. filed, No. 14-639 (U.S. Dec. 1, 2014); Aiken v. Byars, 410 S.C. 534, 765 S.E.2d 572, 575 (2014), cert. denied,-U.S.-, 135 S.Ct. 2379, 192 L.Ed.2d 179 (2015); Ex parte Maxwell, 424 S.W.3d 66, 75-76 (Tex.Crim.App.2014); State v. Mares, 335 P.3d 487, 508 (Wyo.2014).

. See Johnson v. Ponton, 780 F.3d 219, 226 (4th Cir.2015); Martin v. Symmes, 782 F.3d 939, 944-45 (8th Cir.2015); People v. Carp, 496 Mich. 440, 852 N.W.2d 801, 832, 841 (2014), petition for cert. filed, No. 14-824 (U.S. Jan. 13, 2015); Chambers, 831 N.W.2d at 331; Commonwealth v. Cunningham, 622 Pa. 543, 81 A.3d 1, 11 (2013), cert. denied,U.S.-, 134 S.Ct. 2724, 189 L.Ed.2d 763 (2014).