**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7091**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

PHILIP BERNARD FRIEND,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:99-cr-00201-REP-RCY-4; 3:14-cv-00640-REP-
RCY)

_____

Submitted:  July 27, 2016          Decided:  August 5, 2016

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Gregory F. Jacob, Deanna Marie Rice, O'MELVENY & MYERS, LLP,
Washington, D.C., for Appellant.  Richard Daniel Cooke,
Assistant United States Attorney, Brian R. Hood, OFFICE OF THE
UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Bernard Friend appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We granted a certificate of appealability on the issue of whether Friend is entitled to resentencing in light of Montgomery v. Louisiana, 136 S. Ct. 718 (2016). Having reviewed the parties' informal briefs and the record on appeal, we vacate the district court's judgment and remand to the district court for resentencing.

Friend was arrested at the age of 17 in connection with several carjackings. In 2000, Friend pled guilty to one count of aiding and abetting carjacking, 18 U.S.C. § 2119(1) (2012), and to one count of aiding and abetting carjacking resulting in death, 18 U.S.C. § 2119(3) (2012). Ultimately, the district court imposed a 180-month sentence on Friend's § 2119(1) conviction and a sentence of life imprisonment without parole on his § 2119(3) conviction.

After multiple efforts at postconviction relief,* in 2013, exactly one year after the Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455 (2012), Friend filed with this court a

---

* Friend argued that the life-without-parole sentence that he received as a minor violated the rule announced in Graham v. Florida, 560 U.S. 48 (2010), that "for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole," id. at 74.

2

28 U.S.C. § 2244 (2012) motion for authorization to file a second or successive § 2255 motion. Friend claimed that his life-without-parole sentence is unconstitutional under Miller, which held that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment, even for juveniles convicted of homicide offenses. See 132 S. Ct. at 2460, 2469. We granted authorization, concluding that Miller is retroactive for purposes of the prima facie showing required by § 2244. In re Friend, No. 13-292 (4th Cir. July 1, 2014) (unpublished order).

The district court denied relief on Friend's motion, however, relying on our subsequent decision in Johnson v. Ponton, 780 F.3d 219, 221, 226 (4th Cir. 2015) (holding that Miller is not retroactively applicable to cases on collateral review). On appeal, Friend's case was placed in abeyance for the Supreme Court's decision in Montgomery v. Louisiana, 136 S. Ct. 718 (2016), in which the Supreme Court held that Miller announced a new substantive constitutional rule that is retroactive on collateral review. Accordingly, we granted a certificate of appealability on the issue of whether Friend's life-without-parole sentence is unconstitutional under Miller.

In its response, the Government concedes that Friend is entitled to resentencing in light of Miller, made retroactive to cases on collateral review by Montgomery. We agree and,

3

accordingly, vacate the district court's order and remand for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED