DAVIS, Senior Circuit Judge,
concurring:
I join the per curiam opinion of the Court. This appeal, and the exhaustion issue it presents, comes to us in a rather convoluted posture: namely, after an opaque remand, a classic “GVR” (petition “granted, vacated and remanded”) by the Supreme Court of the United States, of Jones v. Commonwealth, 288 Va. 475, 763 S.E.2d 823 (2014), vacated, — U.S. -, 136 S.Ct. 1358, 194 L.Ed.2d 340 (2016). In that case, the Supreme Court of Virginia held, unanimously and unambiguously, that “a Class 1 felony [including, as in Jones, a life sentence imposed upon one who was a juvenile when he committed capital murder] does not impose a mandatory minimum sentence under Virginia law.” Id. at 826. As the per curiam opinion observes, the Supreme Court of Virginia reached that holding even as it assumed *276 the retroactivity of Miller. One is left puzzling, therefore, over exactly what the Supreme Court of the United States imagined might change in the reasoning of the Supreme Court of Virginia simply by virtue of the fact that the former’s holding in Montgomery merely elevated the Commonwealth’s “assumption” regarding ret-roactivity to a binding rule of federal constitutional law.
It seems to me, in any event, -that the issue of whether or not, under Miller and Montgomery, a state statutory scheme mandates (within the contemplation of the Eighth Amendment) a life sentence upon conviction is an issue of federal law, and not, as might appear on first glance, solely an issue of state law.* Time will tell.

 We intimated as much in Johnson v. Ponton, 780 F.3d 219, 222 n.2 (4th Cir. 2015), abrogated by Montgomery v. Louisiana, — U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), and vacated, Johnson v. Manis, — U.S. -, 136 S.Ct. 2443, 195 L.Ed.2d 256 (2016) (mem.).