**VIRGINIA:**

In the Supreme Court of Virginia Held at the Supreme Court Building in the City of Richmond on Friday, the 16th day of January, 2004.

Daniel E. Hines,                                                    Appellant,

  Against      Record No. 022678
               Circuit Court No. 00-7969

John R. Kuplinski, Administrator
 of Virginia Peninsula Regional Jail,                  Appellee.

Upon an appeal from a judgment rendered by the Circuit Court of York County.


Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the circuit court dismissing Daniel E. Hines' petition for a writ of habeas corpus because it was not filed within the limitations period established by Code § 8.01-654(A)(2).

On December 5, 1994, the Circuit Court of York County entered final judgment convicting Hines of rape in violation of Code § 18.2-61 and imposing a ten-year suspended sentence. Hines did not appeal that judgment. On June 15, 2000, Hines filed a petition for a writ of habeas corpus claiming that he was denied effective assistance of counsel because his trial attorneys erroneously told him that he could challenge his conviction on the basis of newly discovered evidence at any time in the future. The Commonwealth filed a motion to dismiss the petition because it was not filed within the two-year limitations period established in Code § 8.01-654(A)(2). The circuit court sustained the Commonwealth's motion and dismissed the petition.

Code § 8.01-654(A)(2) provides in relevant part:

A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

The statute contains no exception allowing a petition to be filed after the expiration of these limitations periods. Hines contends that, if applied to him, this section violates the bar against suspension of the writ of habeas corpus, Art. I, § 9 of the Constitution of Virginia, because he was not able to discover the basis for his claims of ineffective assistance of counsel within the time period provided for filing a petition.[1]

Hines' argument fails in this case because the record does not support the predicate for his claimed right to a late filed petition: that he was unable to discover the basis for his claims of ineffective assistance of counsel within the period provided by Code § 8.01-654(A)(2).

Hines' ineffective assistance of counsel claim is based on his allegation that counsel advised him that his criminal conviction could be challenged at any time on the basis of newly discovered evidence. Hines asserts that he learned that his counsels' advice was wrong only when he attempted to file a motion for a new trial

---

[1] Article I, § 9 states: "[T]he privilege of the writ of habeas corpus shall not be suspended unless when, in cases of invasion or rebellion, the public safety may require."

in 1999.[2]  However, Hines was aware of the information he characterizes as newly discovered evidence within two years of his conviction.  The delay in filing Hines' petition for habeas corpus occurred because he did not seek to take any action on that information until 1999.

During his criminal trial, Hines admitted having sex with the victim but maintained that the sex was consensual.  The "newly discovered evidence" upon which Hines relied as the basis for a new trial consisted of the testimony of two persons, Jennifer Pearson and T.J. Tuck.  Pearson and Tuck allegedly would testify that shortly after the July 1993 incident, the victim told Pearson and Tuck that "she had engaged in consensual sex that evening" with Hines.  Hines was aware of these witnesses and their potential testimony well before 1999.

During preparation for trial in 1994, Hines' mother was informed that Pearson and Tuck "had information that could help" Hines.  Mrs. Hines' attempt to set up a meeting with Pearson was unsuccessful but she told Hines' counsel of the potential witnesses.  Neither Pearson nor Tuck was contacted.  In May 1995, less than a year after Hines' conviction, Pearson contacted Mrs. Hines and told her of the victim's alleged statement of consensual sex.  Mrs. Hines contacted Hines' attorney and, although counsel

---

[2] Rule 1:1 requires that a challenge to a final judgment be

3

told her she needed a second witness, neither Hines nor Mrs. Hines attempted to locate Tuck at that time. Finding Tuck "became a priority" for Mrs. Hines when Hines was arrested for forgery in 1997. At that point, Mrs. Hines was concerned that Hines' ten-year suspended sentence for rape would be revoked because of the new charges and that he would be sent to prison. Mrs. Hines did locate Tuck in March 1999, two days before the hearing in which Hines' suspended sentence for the rape was indeed revoked and he was incarcerated.

This record shows that Hines could have discovered the basis for his habeas claim well within the limitations period established by Code § 8.01-654(A)(2). Hines knew of the witnesses and the substance of their testimony no later than May 1995. Had Hines taken any action to seek to establish his innocence in a new trial based on this information at that time, he would have discovered his trial counsels' alleged error well within two years of his December 5, 1994 conviction for rape. Counsels' allegedly erroneous advice cannot serve to excuse Hines' delay in seeking exoneration when the basis for such exoneration was known to him.

Because the record does not support Hines' assertion that he could not have discovered the grounds for his claim of habeas

---

brought within 21 days after the entry of the judgment.

corpus within the period established by Code § 8.01-654(A)(2), we need not address Hines' constitutional argument.

Accordingly, the judgment of the circuit court dismissing the petition for habeas corpus is affirmed.  The appellant shall pay to the appellee thirty dollars damages.

This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia H. Krueger, Clerk