# CIRCUIT COURT OF THE CITY OF NORFOLK

Danial J. Williams

v.

Helen Fahey,
Chairman of the
Virginia Parole Board

September 15, 2010

Case No. (Civil) CL10-4331

By Judge Everett A. Martin, Jr.

Danial Williams has filed a petition for a writ of *habeas corpus* asking the court to vacate his 1999 convictions for capital murder and rape. The respondent has filed a motion to dismiss on the statute of limitations. I have reviewed the petition and the motion to dismiss and its attachments, and I believe the matter can be disposed of without an evidentiary hearing. Code of Virginia § 8.01-654(B)(4).

The petitioner pleaded guilty, and the court denied his motion to withdraw his guilty plea and sentenced him on April 28, 1999. The final order was entered on May 13, 1999. The Court of Appeals affirmed the conviction on July 25, 2000. The Supreme Court refused a petition for appeal on November 16, 2000. The present petition was filed June 29, 2010. Code of Virginia § 8.01-654(A)(2) provides in pertinent part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from . . . final disposition of the direct appeal in state court . . . whichever is later.

Thus the petitioner had until November 16, 2001, to file his petition. The present petition is more than eight years late. The statute does not contain "discovery" or "reasonable diligence" extensions. *Hines v. Kuplinski*, 267 Va. 1, 591 S.E.2d 692 (2004). Even if I assume that Article I, § 9, of the Constitution requires a reasonable extension period for newly discovered

claims, the petition is still late. For the reasons stated within, I find the claims made in the petition were known or should have been known by January of 2003 or, at the latest, by September of 2005. I grant the motion to dismiss.

Given the notoriety attained by this case and those of the petitioner's co-defendants, some comment on some of the specific grounds of the petition is warranted. Grounds (i)(l) and (n) allege violations of the rights of the co-defendants, not the petitioner, and are thus immaterial.

Detective Ford's indictment by a federal grand jury, ground (b), has no relevance to the petitioner's conviction. The acts alleged in indictment began in 2003, long after the petitioner's conviction. The gist of the indictment is that Ford received money from criminal defendants for falsely telling prosecutors and judges that the defendants had provided assistance in other criminal prosecutions. As the respondent aptly notes in paragraph 30 of her motion to dismiss, the federal indictment claims Ford "acted to provide unjustified favorable treatment to charged individuals, not that he improperly attempted to secure convictions."

The most troubling allegation in the petition is ground (a):

> The Commonwealth of Virginia violated Danial Williams' Due Process rights under the United States and Virginia Constitutions because the lead detective, Robert Glenn Ford, engaged in pervasive police misconduct, manipulated the criminal justice system, twisted evidence to fit his "theory" of the crime, and intentionally pursued the prosecution of Danial Williams even though he believed the evidence did not demonstrate Danial Williams' guilt. *The factual predicate that forms the core of this Due Process violation did not come to light until May 7, 2010, and could not have been discovered earlier through reasonable diligence.*

(Emphasis added.)

In grounds (d) to (f), the petitioner alleges Ford secured false confessions. In the petition itself, he makes reference to local newspaper articles on the subject from 1990 and 1994. James Broccoletti, trial counsel for the petitioner's co-defendant Derek Tice, made a similar allegation in a hearing in open court on January 2, 2003, and at Tice's trial on January 28, 2003. Motion to Dismiss, Exhibits H and I. Tice's counsel raised the issue in Tice's *habeas corpus* proceeding in this court. Motion to Dismiss, Exhibit J; see also *Tice v. Johnson*, CL05-2067, Petition for Writ of Habeas Corpus, "Trial Court Errors" (b), p. 6, and Memorandum, pp. 11-13, filed in this court on September 14, 2005.

In ground (h), the petitioner claims Ford fabricated arrest warrants. He also states an informant testified about this at a pre-trial hearing in Eric

Wilson's case. That case was tried to a jury in 1999. *Commonwealth v. Wilson*, CR98-2484, trial orders of June 16-21, 1999.

Grounds (c) and (o) are a general allegation that Ford "manipulated the prosecution and twisted the evidence" knowing the petitioner to be innocent. These allegations were made while the criminal charges against the petitioner and his co-defendants were pending in this court and at length in Tice's *habeas corpus* petition and its supporting memorandum. See also T. Wells and R. Leo, *The Wrong Guys*, The New Press (2008).

There is nothing new in grounds (a), (c)–(f), (h), and (o). It is mendacious to suggest. that Ford's federal indictment had anything whatsoever to do with the discovery of claims that Ford had secured false confessions or "manipulated the prosecution." Ms. Theisen shall prepare an order dismissing the petition on the statute of limitations grounds and waiving the petitioner's endorsement pursuant to Rule 1:13. My failure to discuss grounds (g) or (m) of the petition should not be construed as any comment on their novelty or their merits.

The petitioner ostensibly filed this petition *pro se*, but, as he is represented by counsel in a pending federal *habeas corpus* proceeding he has sought to stay during the pendency of this case, this letter is addressed to his counsel in the federal proceeding.