**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-6682**

———————————

JASON CLEM,

        Petitioner – Appellant,

    v.

LESLIE FLEMING, Warden, Keen Mountain Correctional Center,

        Respondent – Appellee.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:13-cv-00319-SGW-RSB)

———————————

Argued: September 20, 2016        Decided: October 19, 2016

———————————

Before TRAXLER and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion. Senior Judge Davis wrote a separate concurring opinion.

———————————

**ARGUED:** Amy Lynn DeLine, SIDLEY AUSTIN LLP, Washington, D.C., for Appellant. Robert H. Anderson, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:** Guy S. Neal, Matthew J. Warren, SIDLEY AUSTIN LLP, Washington, D.C., for Appellant. Mark R. Herring, Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Jason Clem appeals the district court's dismissal of his authorized successive habeas petition under 28 U.S.C. § 2254, challenging his sentence of life imprisonment without parole. He argues that the Virginia statute under which he was sentenced is unconstitutional because it mandates life imprisonment without parole for a juvenile convicted of capital murder in violation of Miller v. Alabama, 132 S. Ct. 2455, 2469 (2012). We vacate the order of the district court and remand with instructions to hold in abeyance for the reasons that follow and as provided herein.

I.

A.

On March 8, 2004, 16-year-old Clem packed a knapsack containing knives and a hammer and set off to the restaurant where he worked. Upon arrival, Clem hit his employer Robert Lacy, Jr., on the head with the hammer and proceeded to stab him several times. Clem fled after taking money from the register and the surveillance tape. Lacy died as a result of Clem's attack.

B.

Following his indictment for capital murder, Clem stood trial in the Rockingham County Circuit Court in Virginia. On

2

May 12, 2005, a jury found him guilty of capital murder. At the time of his conviction, Virginia law provided that the penalty for capital murder was "death, if the person so convicted was 18 years of age or older at the time of the offense . . . , or imprisonment for life and . . . a fine of not more than $100,000." Va. Code § 18.2-10(a) (2005). The Virginia circuit judge instructed the jury it could impose a sentence of life, or life with a fine of up to $100,000. The jury returned the maximum sentence for a juvenile convicted of capital murder-- life imprisonment and a fine of $100,000. The circuit judge granted Clem's motion for a presentence report and sentencing hearing, which included evidence about Clem's tumultuous upbringing and history of mental illness.

At Clem's sentencing, the circuit judge noted that he had "read the presentence report . . . and also considered all of the evidence in the nature of aggravation or mitigation in the case" but found "no reason to deviate from the jury verdict." J.A. 392. The circuit judge adopted the jury's verdict, sentencing Clem to life imprisonment without parole and a fine of $100,000. Clem appealed his conviction through the Virginia courts, and the Supreme Court of Virginia denied his petition for direct appeal on September 21, 2006. Clem then filed an unsuccessful state habeas petition in 2007 arguing, inter alia, that sentencing a juvenile to life imprisonment without parole

3

was cruel and unusual punishment. Both the Rockingham County Circuit Court and the Supreme Court of Virginia dismissed Clem's petitions with regard to this claim, finding he was procedurally barred because he had failed to raise the claim on direct appeal. In 2009, the United States District Court for the Western District of Virginia rejected Clem's first federal habeas petition pursuant to 28 U.S.C. § 2254, which raised essentially the same claims as his state habeas petition.

## II.

Roughly seven years after Clem's conviction, the U.S. Supreme Court held that the Eighth Amendment prohibits a mandatory life sentence without parole when the convicted person was a juvenile at the time of the offense. Miller, 132 S. Ct. at 2469. Miller requires that "a judge or jury . . . have the opportunity to consider mitigating circumstances," including "an offender's youth and attendant characteristics" before sentencing a juvenile to life imprisonment without parole. Id. at 2475, 2471. Clem filed this authorized successive federal habeas petition to seek relief under Miller.

Respondent moved the district court to dismiss on three alternate grounds: (1) Miller was not retroactive; (2) Clem failed to exhaust his state remedies; and (3) the Virginia circuit court judge had comported with Miller's requirements at

4

Clem's sentencing.    The district court assumed, without deciding, that Miller retroactively applied to cases on collateral review and found that Clem was excused from exhausting state remedies because there was no state corrective process available to him.    However, the district court concluded that the Virginia circuit judge had in fact considered mitigating circumstances consistent with Miller's requirements and dismissed Clem's petition.    This appeal followed.


III.

During the pendency of Clem's instant appeal from federal district court, the U.S. Supreme Court held that Miller announced a substantive rule and, therefore, was retroactive. Montgomery v. Louisiana, 136 S. Ct. 718, 736 (2016).    The parties renew the remaining claims on appeal.    We review the district court's dismissal of a habeas petition de novo.    Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015).

A.

Clem argues that Virginia's capital murder statute violates Miller because the only sentencing option available to the judge was life imprisonment without parole.    Respondent argues that Virginia's capital murder sentencing statute is not mandatory but part of a larger statutory scheme that affords a trial judge discretion to "suspend imposition of [a] sentence or suspend the

5

sentence in whole or part." Va. Code § 19.2-303 (2005). However, before reviewing the merits, we first consider Respondent's threshold argument that Clem must exhaust his state remedies.

B.

It is undisputed that Clem has not exhausted his state remedies, as he has not raised his Miller claim in state court. Although generally a state prisoner must exhaust available state court remedies before filing a federal habeas petition, there is an exception when exhaustion would be futile because the state provides no remedy. Ham v. North Carolina, 471 F.2d 406, 407 (4th Cir. 1973). Virginia imposes a strict statute of limitations for habeas petitions. A habeas petition challenging a criminal sentence must be filed "within one year from . . . final disposition of the direct appeal in state court." Va. Code § 8.01-654(A)(2). Accordingly, Clem would have had to file a petition seeking any state post-conviction remedies before September 21, 2007. The Supreme Court of Virginia has noted that the statute of limitations "contains no exception allowing a petition to be filed after the expiration of these limitations periods." Hines v. Kuplinski, 591 S.E.2d 692, 693 (Va. 2004). The district court assumed without deciding that Clem would be excused from exhausting his state remedies because there was no state corrective process available to him.

6

However, after the district court dismissed Clem's petition, the Supreme Court of Virginia reviewed a challenge to the same sentencing statute at issue here several years after the petitioner would have been time-barred from filing a habeas petition. See Jones v. Commonwealth, 763 S.E.2d 823 (Va. 2014), vacated, 136 S. Ct. 1358 (2016).

In Jones, the petitioner, relying on Miller, filed a motion to vacate his life without parole sentence twelve years after pleading guilty to capital murder and other charges. Id. at 824. Though the Supreme Court of Virginia assumed without deciding that Miller was retroactive, the U.S. Supreme Court vacated Jones, remanding to that court "for further consideration in light of Montgomery." Jones v. Virginia, 136 S. Ct. 1358 (2016). The Supreme Court of Virginia reheard Jones one week before oral argument in this case.

Although failure to exhaust state remedies does not automatically "deprive an appellate court of jurisdiction to consider the merits of a habeas corpus" petition, comity dictates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." Granberry v. Greer, 481 U.S. 129, 131 (1987). Moreover, we generally resolve doubts as to whether an issue has been presented to a state court against exhaustion. Durkin v. Davis, 538 F.2d 1037, 1041– 42 (4th Cir. 1976). Particularly here, where the state's

7

highest court may soon issue a decision that could affect, if not resolve, the issue of exhaustion, the prudent course of action is to stay this case pending resolution of Jones.[*] Accordingly, we vacate the order of the district court and remand the case with instructions to hold this action in abeyance pending the Supreme Court of Virginia's disposition of Jones. Depending on the outcome in Jones, we leave it to the district court to decide, in the first instance, whether Clem has an available state remedy that he must first exhaust.

---

[*] Respondent maintains that there is another reason why Clem has not exhausted his state remedies. In Mueller v. Murray the Supreme Court of Virginia considered a death row prisoner's argument that a new U.S. Supreme Court decision, Simmons v. South Carolina, 512 U.S. 154 (1994), should apply retroactively to his case. The Supreme Court of Virginia ultimately rejected this claim because it found that Simmons did "not fall within either Teague [v. Lane] exception." 478 S.E.2d 542, 549 (Va. 1996). Here, however, the U.S. Supreme Court has held that "Miller announced a substantive rule of constitutional law," Montgomery, 136 S. Ct. at 735, and therefore this case fits within an exception to non-retroactivity under Teague v. Lane, 489 U.S. 288, 311 (1989). By implication, Respondent argues that because the Supreme Court of Virginia suggested it would consider Teague exceptions to be retroactively applicable for state habeas petitions, Clem could file his petition in state court. However, because Mueller was decided before Virginia enacted its habeas statute of limitations and has never been cited in a published decision by a Virginia court for the proposition that a new constitutional rule could overcome the procedural bar of Va. Code § 8.01-654(A), we decline to rely on this line of reasoning today.

8

## IV.

For the foregoing reasons, the judgment of the district court is

VACATED AND REMANDED.

DAVIS, Senior Circuit Judge, concurring:

I join the per curiam opinion of the Court. This appeal, and the exhaustion issue it presents, comes to us in a rather convoluted posture: namely, after an opaque remand, a classic "GVR" (petition "granted, vacated and remanded") by the Supreme Court of the United States, of Jones v. Commonwealth, 763 S.E.2d 823 (Va. 2014), vacated, 136 S. Ct. 1358 (2016). In that case, the Supreme Court of Virginia held, unanimously and unambiguously, that "a Class 1 felony [including, as in Jones, a life sentence imposed upon one who was a juvenile when he committed capital murder] does not impose a mandatory minimum sentence under Virginia law." Id. at 826. As the per curiam opinion observes, the Supreme Court of Virginia reached that holding even as it assumed the retroactivity of Miller. One is left puzzling, therefore, over exactly what the Supreme Court of the United States imagined might change in the reasoning of the Supreme Court of Virginia simply by virtue of the fact that the former's holding in Montgomery merely elevated the Commonwealth's "assumption" regarding retroactivity to a binding rule of federal constitutional law.

It seems to me, in any event, that the issue of whether or not, under Miller and Montgomery, a state statutory scheme mandates (within the contemplation of the Eighth Amendment) a life sentence upon conviction is an issue of federal law, and

10

not, as might appear on first glance, solely an issue of state law.* Time will tell.

---

* We intimated as much in Johnson v. Ponton, 780 F.3d 219, 222 n.2 (4th Cir. 2015), abrogated by Montgomery v. Louisiana, 136 S. Ct. 718 (2016), and vacated, Johnson v. Manis, 136 S. Ct. 2443 (2016) (mem.).